## In re FORFEITURE OF 1988 FORD TEMPO AWD.

[Cite as *In re Forfeiture of 1988 Ford Tempo AWD* (1994), 97 Ohio App.3d 398.]

Court of Appeals of Ohio,
Portage County.

No. 93–P–0097.

Decided Oct. 3, 1994.

*David W. Norris,* Portage County Prosecuting Attorney, and *Denise L. Smith,* Assistant Prosecuting Attorney, for appellant.

*Ronald J. Kane,* for appellee.

CACIOPPO, Judge.

This is an appeal from a final judgment of the Portage County Court of Common Pleas in which appellant, the state of Ohio, was ordered to return possession of a 1988 Ford Tempo AWD to appellee, Margo Prater. This judgment was predicated upon the court's adoption of the report of a court referee, in which the referee had concluded that the vehicle in question was not "forfeitable" as property which had been used in the commission of a felony drug abuse offense.

The vehicle was seized by two officers of the Portage County Sheriff's Department following an investigative stop. At the time of the stop, appellee was

a passenger in the vehicle, along with a second individual, Resy Kelly. Kelly was ordered to exit the vehicle. During the search of Kelly's person, the officer found a crack-cocaine pipe in Kelly's shoe.

Ten days following the seizure, the state filed a petition for forfeiture of the vehicle, pursuant to R.C. 2925.43. The state alleged that the vehicle had been employed to facilitate the commission of a felony drug abuse offense. Although appellee Prater was the owner of the vehicle, Kelly was named as the defendant in the action.

Appellee filed an action against the Sheriff's Department as to the seizure, and moved the trial court to dismiss appellant's petition, in that the petition did not state a viable cause of action for forfeiture, since there were no charges pending against Kelly. The state filed a motion to compel.

It was determined that Kelly could only be charged with a misdemeanor drug abuse offense, not a felony offense. Therefore, the vehicle was not subject to forfeiture under R.C. 2925.43(A)(2).

The court held that the vehicle was not forfeitable property and that appellee was lawfully entitled to possession of it.

The state has assigned the following as error:

"1. The trial court erred in ruling that appellee's vehicle was not forfeitable property under R.C. 2925.43(A) and was, therefore, unlawfully seized.

"2. The trial court erred in failing to compel discovery prior to final disposition of the case."

The state challenges the merits of the analysis which formed the basis of the trial court's conclusion as to appellee's motion to dismiss the forfeiture petition and contends that Kelly could have been charged with possession of criminal tools, a felony under R.C. 2923.24. This argument is without merit.

The state's petition was brought pursuant to R.C. 2925.43, which governs the civil forfeiture of any property used in, or resulting from, the commission of a felony drug offense. Subsection (C)(3) of this statute provides that once the property has been properly seized, the state can initiate an action for civil forfeiture unless, *inter alia,* a criminal action which could result in criminal forfeiture under R.C. 2925.42 has already been brought. However, this civil action can only be maintained if the property is forfeitable under subsection (A):

"(A) The following property is subject to forfeiture to the state in a civil action as described in division (E) of this section, and no person has any right, title, or interest in the following property:

"* * *

"(2) Any property that was used or intended to be used in any manner to commit, or to facilitate the commission of, an act that, upon the filing of an indictment, complaint, or information, could be prosecuted as a felony drug abuse offense * * *."

The term "felony drug abuse offense" is succinctly defined in R.C. 2925.01(I) as any "drug abuse offense" which is considered a felony under the laws of this state, except for a violation of R.C. 2925.11. The latter term is then defined in R.C. 2925.01(H):

" 'Drug abuse offense' means any of the following:

"(1) A violation of division (B) of section 2913.02 that constitutes theft of drugs, or a violation of section 2925.02, 2925.03, 2925.11, 2925.12, 2925.13, 2925.21, 2925.22, 2925.23, 2925.31, 2925.32, 2925.36, or 2925.37 of the Revised Code;

"(2) A violation of an existing or former law of this or any other state or of the United States that is substantially equivalent to any section listed in division (H)(1) of this section * * *."

In attempting to apply the foregoing provisions to the facts of this case, the court concluded that since the arresting officers found only a crack-cocaine pipe in Kelly's possession, Kelly could have been charged with only one of the offenses listed in R.C. 2925.01(H)(1): possession of drug abuse instruments, under R.C. 2925.12. The court further concluded that since a violation of R.C. 2925.12 constitutes only a misdemeanor offense, his possession of the pipe would not be a "felony drug abuse offense." Thus, the vehicle would not be forfeitable property under R.C. 2925.43.

■ Kelly's possession of the crack-cocaine pipe constituted a violation of R.C. 2925.14. Although this statute is set forth in the chapter of the Revised Code which deals with drug offenses, it is not one of the specific statutes listed in R.C. 2925.01(H)(1). Therefore, it follows that not only do Kelly's actions fail to satisfy the definition of a "drug abuse offense" under R.C. 2925.01(H)(1), they also fail to meet the definition in (H)(2).

■ The courts of this state have held that the possession of drug paraphernalia can also constitute possession of criminal tools under R.C. 2923.24. *State v. Mateo* (1991), 57 Ohio St.3d 50, 565 N.E.2d 590. Thus, like a violation of R.C. 2925.11, a violation of R.C. 2925.14 can be substantially equivalent to a violation of R.C. 2923.24. However, in order to satisfy the requirements of R.C. 2925.01(H)(2), the unlisted offense must be substantially equivalent to an offense listed in (H)(1). Since R.C. 2925.14 is not among the listed offenses in (H)(1), Kelly's specific violation of R.C. 2923.24 does not constitute a "drug abuse offense" under (H)(2).

Based upon the foregoing analysis, Kelly could not be charged with a "felony drug abuse offense" as a result of his possession of the crack-cocaine pipe. Thus, the trial court did not err in concluding that appellee's vehicle was not forfeitable property under R.C. 2925.43(A). The state's first assignment is without merit.

The state's second assignment challenges the denial of its motion to compel. Under this assignment, the state contends that the trial court should have issued an order requiring appellee to respond to the questions which had been posed to her during the deposition.

The state did not raise this argument in its objections to the referee's report; thus, this argument has been waived by the state.

The determination of whether appellee's vehicle was forfeitable would turn upon whether Kelly had committed an act which would constitute a felony drug abuse offense. Since appellee was present during the investigative stop, it follows that she would have knowledge of the facts which could form the basis of any charge arising from that particular incident. However, in providing testimony as to this issue, appellee would necessarily have to indicate the nature of her role in the incident. Thus, if appellee failed to set forth the basis of her assertion of her right against self-incrimination, her assertion of the right was valid under the specific facts of this case.

As part of this assignment, the state maintains that its motion to compel should have been granted because appellee's proposed testimony would have been relevant to other issues that had been raised by the motion to dismiss. However, a review of the report indicates that the holding as to the motion to dismiss was based solely upon whether the vehicle was forfeitable; thus, any error in failing to compel appellee to answer questions concerning the other issues was harmless. The state's second assignment is also without merit.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

FORD, P.J., and NADER, J., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.