OPINION
Defendant-appellant, Harry Whitecross, appeals from his conviction for involuntary manslaughter in violation of R.C. 2903.04(B).
On October 13, 1995, Whitecross was indicted by a Butler County Grand Jury for murder with a firearm specification. After Whitecross raised an issue concerning his competence to stand trial, Dr. Bobbie G. Hopes, a psychologist at the Butler County Center for Forensic Psychiatry, performed a competency evaluation. Based upon her evaluation, Dr. Hopes found that Whitecross was competent to stand trial.
On November 30, 1995, the trial court held a hearing on Whitecross' competence to stand trial. Whitecross' attorney stipulated to the admission of Dr. Hope's evaluation and stated "let the record indicate that I don't have any objection to the court finding that my client is competent to stand trial." When the trial court addressed Whitecross and asked him whether he understood that he was competent to stand trial, Whitecross stated that he understood. Therefore, based upon Dr. Hopes' uncontested finding, the trial court concluded that Whitecross was competent to stand trial.
On January 5, 1996, Whitecross entered a plea of guilty to involuntary manslaughter with a firearm specification. The trial court subsequently sentenced Whitecross to not less than five years nor more than ten years for involuntary manslaughter and three years for the firearm specification.
On appeal, Whitecross assigns a single assignment of error:
 FAILURE TO ALLOW A DEFENDANT TO SPEAK ON THEIR BEHALF BEFORE PRONOUNCEMENT OF SANITY VIOLATES THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.
In his sole assignment of error, Whitecross contends that the procedures followed during his competency hearing violated his constitutional right to due process. In particular, Whitecross argues that he should have been allowed to personally address the trial court and challenge the stipulation to Dr. Hopes' competency evaluation.
Constitutional claims that are not presented and argued at the trial court level cannot be considered for the first time on appeal. State v. Rojas (1992), 64 Ohio St.3d 131, 138; State v. Awan (1986), 22 Ohio St.3d 120, 122. A review of the record reveals that Whitecross did not raise his constitutional claim in the trial court. Accordingly, Whitecross has waived the right to raise his constitutional claim on appeal.
Even if Whitecross had timely raised his constitutional claim, his due process argument is without merit. Pursuant to fundamental principles of due process, a defendant who is legally incompetent shall not be subjected to trial. Bishop v. United States (1956), 350 U.S. 961, 76 S.Ct. 440. In addition, state procedures must adequately protect a defendant's right not to be tried or convicted while incompetent. Pate v. Robinson (1966),383 U.S. 375, 378, 86 S.Ct. 836, 838; State v. Berry (1995),72 Ohio St.3d 354, 359, reconsideration denied, 73 Ohio St.3d 1428, certiorari denied, ___ U.S. ___, 116 S.Ct. 823.
Whitecross argues that the procedures utilized during his competency hearing violated his constitutional right to due process. As a general rule, procedural due process requires notice and an opportunity to be heard. State v. Mateo (1991),57 Ohio St.3d 50, 59. In the context of competency hearings, the procedures must afford a defendant the opportunity to present evidence and challenge opposing evidence. Lagway v. Dallman (N.D. Ohio 1992), 806 F. Supp. 1322, 1333-1334.
In Ohio, R.C. 2945.37 provides for the procedures that must be followed during a competency hearing. R.C. 2945.37(A) provides that when the issue of a defendant's competence is raised before trial, "the court shall hold a hearing as provided in this section." At the hearing, a defendant shall be represented by counsel and both the prosecutor and defense counsel may submit evidence on the issue of a defendant's competency. R.C.2945.37(A). In addition, a written competency report may be admitted into evidence by stipulation of the prosecution and defense. R.C. 2945.37(A). The hearing requirement of R.C.2945.37(A) is satisfied when a defendant has been afforded an opportunity to present evidence but instead elects to accept the findings contained in a competency evaluation. State v. Britton (Oct. 6, 1994), Cuyahoga App. No. 66177, unreported, citing State v. Rubenstein (1987), 40 Ohio App.3d 57, 61.
In the present case, Whitecross' competency hearing conformed with the procedural requirements of R.C. 2945.37(A) and satisfied his constitutional right to due process. Whitecross was provided with an opportunity to present evidence and challenge Dr. Hope's finding of competency. However, instead of presenting additional evidence, Whitecross elected to accept the findings contained in Dr. Hope's competency evaluation. Whitecross' attorney stipulated to the admission of Dr. Hope's evaluation and expressly stated that he did not object to a finding that Whitecross was competent. Moreover, contrary to Whitecross' argument on appeal, the trial court personally addressed Whitecross and provided him with an opportunity to challenge the stipulation to Dr. Hope's competency evaluation.
Accordingly, since Whitecross was provided with an opportunity to present evidence and challenge Dr. Hope's finding of competency, we conclude that the procedures utilized during Whitecross' competency hearing did not violate his constitutional right to due process. Whitecross' sole assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.