OPINION
{¶ 1} Respondent-appellant, Corrina Ferris, appeals the decision of the Clermont County Court of Common Pleas, Domestic Relations Division, granting a domestic violence civil protection order against her.
 {¶ 2} Appellant and petitioner-appellee, Arthur Ferris, are husband and wife. They have three children together: Sarah, born May 11, 1991, Anna, born December 7, 1993, and Mathew, born February 21, 1996. Appellant also has children from a prior relationship: Joseph, age 18, and Stephen, age 15.[1] As of March 2005, appellant, Mr. Ferris, Sarah, Anna, Mathew, and Stephen were living together in the same house. Because of ongoing conflicts between Joseph and Mr. Ferris, Joseph was no longer living with the rest of the family. He maintained contact with his mother, however, and through his mother, with Mr. Ferris's three children.
 {¶ 3} On March 17, 2005, Mr. Ferris, on behalf of his children, filed a petition for a domestic violence civil protection order against appellant, pursuant to R.C. 3113.31. In the petition, Mr. Ferris alleged that his daughter Sarah informed him that "Joseph has done something to her" that Sarah would only divulge in a court of law. The petition also stated that Sarah is "fearful that mom is taking Anna and Mathew around Joseph and something may happen to them too." An ex parte temporary protection order was granted the same day enjoining appellant from, among other things, abusing Sarah, Anna, and Mathew. The matter was scheduled for a full hearing on March 25, 2005.
 {¶ 4} At the full hearing, a magistrate heard testimony from Paige Chandler of Clermont County Children's Services, Mr. Ferris, and appellant. Chandler testified that she spoke to Sarah about whether Joseph had molested her, and that Sarah had conveyed information to her that caused her concern. She also spoke to Anna and Mathew. In Chandler's opinion, the three Ferris children needed protection from Joseph.
 {¶ 5} Mr. Ferris testified that Joseph had a long history of inappropriate behavior, with some of it requiring the intervention of juvenile court. In particular, there were incidents with pornographic material, 900 calls to pornographic chat lines, and a recorded conversation where it seemed that Joseph was masturbating on the phone for hours while talking to a girlfriend. According to Mr. Ferris, any attempts to discuss Joseph and his problems with appellant were futile. Whenever he brought up his concerns, appellant would tell him that he was the problem, not Joseph.
 {¶ 6} Appellant testified that she had never heard of any problem or issue with Joseph and Sarah. She testified that she was suspicious of the timing of the allegations, and that she believed it was related to her desire to seek a separation from Mr. Ferris.
 {¶ 7} The magistrate found that appellant was aware that Joseph had problems requiring juvenile court intervention and that a court order was necessary to prevent her from bringing Sarah, Anna, and Mathew into contact with Joseph. Accordingly, the magistrate crafted a civil protection order that required appellant to, among other things, make certain that Mr. Ferris's children have no contact with Joseph.
 {¶ 8} Appellant filed objections to the magistrate's decision on April 12, 2005. The trial court overruled the objections and entered an order on May 4, 2005, confirming the magistrate's decision. This appeal followed, in which appellant raises the following single assignment of error:
 {¶ 9} "THE COURT ERRED IN FINDING THAT THE RESPONDENTA-PPELLANT COMMITTED AN ACT OF DOMESTIC VIOLENCE IN VIOLATION OF OHIO REVISED CODE § 3113.31."
 {¶ 10} Appellant presents three issues for review under her assignment of error. She first contends that the petition filed by Mr. Ferris on March 17, 2005, failed to include an adequate description of the nature and extent of the acts she committed constituting domestic violence, as required by R.C.3113.31(C)(1). Consequently, appellant contends, the petition is defective as a matter of law and violates basic and fundamental principles of due process of law under the Ohio and U.S. Constitutions.
 {¶ 11} R.C. 3113.31(C) provides: "A person may seek relief [from domestic violence] under this section on the person's own behalf, or any parent or adult household member may seek relief under this section on behalf of any other family or household member, by filing a petition with the court. The petition shall contain or state:
 {¶ 12} "(1) An allegation that the respondent engaged in domestic violence against a family or household member of the respondent, including a description of the nature and extent of the domestic violence;
 {¶ 13} "(2) The relationship of the respondent to the petitioner, and to the victim if other than the petitioner;
 {¶ 14} "(3) A request for relief under this section."
 {¶ 15} Appellant argues that the petition fails to satisfy the first requirement because it does not contain any allegation that she engaged in domestic violence against a family or household member. We disagree.
 {¶ 16} R.C. 3113.31(A)(1) lists the various types of acts that can constitute domestic violence against a family member. Under R.C. 3113.31(A)(1)(c), "[c]ommitting any act with respect to a child that would result in the child being an abused child, as defined in section 2151.031 of the Revised Code," constitutes domestic violence.
 {¶ 17} R.C. 2151.031(B) defines an abused child as any child who "[i]s endangered as defined in section 2919.22 of the Revised Code, except that the court need not find that any person has been convicted under that section in order to find that the child is an abused child[.]"
 {¶ 18} R.C. 2919.22 defines endangering a child as "creat[ing] a substantial risk to the health or safety of the child by violating a duty of care, protection, or support."
 {¶ 19} Mr. Ferris's petition alleges that appellant was endangering her children. Mr. Ferris alleged in the petition that his daughter Sarah was in some way harmed or abused by her stepbrother Joseph, and that appellant was endangering Mathew and Anna by bringing them around Joseph. If Sarah was harmed or abused by Joseph, then in bringing her children around Joseph, appellant was creating a substantial risk to their health and safety, and causing them to become abused children. Accordingly, appellant's contention that the petition fails, as a matter of law, to allege that she committed an act of domestic violence is not well-taken.
 {¶ 20} We also do not find appellant's constitutional rights to due process of law were violated. The requirements of due process are notice and an opportunity to be heard. Cleveland Bd.of Edn. v. Loudermiss (1985), 470 U.S. 532, 546, 105 S.Ct. 1487,1494; State v. Mateo (1991), 57 Ohio St.3d 50, 52. The record reveals appellant was served with a copy of the petition on March 18; she was also given a full and fair opportunity to be heard and present a defense at the hearing held on March 25, 2005.
 {¶ 21} In her second issue presented for review, appellant contends that the findings at the ex parte hearing failed to set forth and establish any act committed by appellant constituting domestic violence. Thus, appellant contends, the petition should have been dismissed without a full hearing.
 {¶ 22} In relevant part, R.C. 3113.31(D)(1) provides: "The court, for good cause shown at [an] ex parte hearing, may enter any temporary orders * * * that the court finds necessary to protect the family or household member from domestic violence. Immediate and present danger of domestic violence to the family or household member constitutes good cause for purposes of this section." A plain reading of this provision reveals that the standard for issuing a temporary protection order is good cause to conclude there is an immediate and present danger to the person to be protected by the order. See, also, Felton v.Felton, 79 Ohio St.3d 34, 37, 1997-Ohio-302.
 {¶ 23} When Mr. Ferris filed the petition for the protection order, he provided the court with a copy of his driver's license and a signed affidavit swearing that the information he provided in the petition was true, complete, and accurate to the best of his knowledge. In essence, Mr. Ferris's sworn statement to the court was that his children were in immediate and present danger of harm or abuse because appellant was bringing them around Joseph, who had just done something to his daughter Sarah that she would only divulge in a court of law. We find these sworn allegations constitute good cause for issuing a temporary protection order. Accordingly, appellant's second issue presented for review is also not well-taken.
 {¶ 24} Finally, appellant contends that Mr. Ferris failed to establish by a preponderance of the evidence that she committed an act of domestic violence, and that the trial court's finding that she committed an act of domestic violence is against the manifest weight of the evidence.
 {¶ 25} To grant a civil protection order, "the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." Felton, paragraph two of the syllabus; R.C. 3113.31(D).
 {¶ 26} The standard of review for an appellate court depends on the nature of the challenge to the protection order. "Because R.C. 3113.31 expressly authorizes the courts to craft protection orders that are tailored to the particular circumstances, it follows that the trial court has discretion in establishing the scope of a protection order, and that judgment ought not be disturbed absent an abuse of discretion. When the issue is whether a protection order should have been issued at all, however, the resolution of that question depends on whether the petitioner has shown by a preponderance of the evidence that the petitioner or the petitioner's family or household member was entitled to relief." Abuhamda-Sliman v. Sliman,161 Ohio App.3d 541, 544-545, 2005-Ohio-2836, ¶ 9; see, also, Felton,79 Ohio St.3d 34, paragraph two of the syllabus.
 {¶ 27} Appellant's challenge addresses whether the order should have been issued at all. Accordingly, our review consists in reviewing the record and determining whether there is sufficient, credible evidence to prove by a preponderance of the evidence that appellant engaged in any act of domestic violence.
 {¶ 28} The statutory criterion to determine whether or not to grant a domestic violence civil protection order is "the existence or threatened existence of domestic violence." Thomasv. Thomas (1988), 44 Ohio App.3d 6, 8. As discussed under appellant's first issue presented for review, placing children in an environment where there is a substantial risk to their health and safety constitutes one form of domestic violence.
 {¶ 29} As noted, Paige Chandler from children services testified that she spoke with Sarah about the allegations of abuse. As a result, she was concerned enough to recommend the children be protected from Joseph until a criminal investigation could be completed. Mr. Ferris testified that Sarah confided in him that Joseph had done something to her, and that Sarah was afraid her brother and sister would be harmed as well. Mr. Ferris also testified that appellant was not willing to face the fact that Joseph had a problem. When questioned about Joseph by the trial court, appellant indicated that she was not aware of any problem and that she was suspicious because of the timing of the allegations.
 {¶ 30} We find the foregoing testimony, considered together, provided sufficient, credible evidence for the trial court to conclude that there was a threatened existence of domestic violence to Mr. Ferris's children. The testimony indicates that Joseph posed a substantial threat to the children, and that appellant was not likely to refrain from bringing her children into contact with Joseph unless ordered to do so. Accordingly, appellant's third and final contention is not well-taken.
 {¶ 31} Appellant's assignment of error is overruled.
 {¶ 32} Judgment affirmed.
Walsh and Bressler, JJ., concur.
[1] The record on appeal does not contain the dates of birth for Joseph or Stephen. The ages stated herein reflect their ages as of the hearing held on March 25, 2005.