OPINION
{¶ 1} Respondent-appellant, Terra Hooks, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, granting the petition of petitioner-appellee, Melva Carter, for a domestic violence civil protection order.
 {¶ 2} Appellee is appellant's 77-year-old aunt. She is being treated for Alzheimer's. Appellee lived with her sister, appellant's mother, Addie Hooks, until Hooks' death in early November 2005. Appellant moved into the residence with appellee over Thanksgiving weekend that year.
 {¶ 3} On December 16, 2005, appellee filed a petition for a domestic violence civil protection order. Her petition stated that she felt "unsafe and scared," and feared for her health due to threatening remarks appellant made to her on November 21, 2005. The petition alleged that appellee did not feel safe in her home because appellant had made "rude and hurtful remarks," and refused to leave the house. She alleged that appellant's presence in the home was an "emotional hardship" for her.
 {¶ 4} At a hearing on the petition, appellee repeated the allegations made in the complaint. She testified regarding other instances where appellant was mean and rude to her, and testified that she had sought medical treatment for her "nerves" as a result of appellant's behavior toward her. Appellee testified that she had asked appellant to move out of the house, but that appellant had refused. Several witnesses confirmed appellee's allegations. Appellant testified that she had never physically harmed appellee, or threatened appellee with physical harm.
 {¶ 5} The trial court concluded that "[t]here's no doubt * * * that [appellee] is suffering mental distress" as a result of appellant's actions, and issued a civil protection order which required appellant to vacate the shared residence, and prohibited appellant from having contact with appellee. Appellant appeals, raising a single assignment of error, alleging that the trial court's decision is against the manifest weight of the evidence.
 {¶ 6} In Ferris v. Ferris, Clermont App. No. CA2005-05-043,2006-Ohio-878, ¶ 26, this court recognized that "[t]he standard of review for an appellate court depends on the nature of the challenge to the protection order." "Because R.C. 3113.31
expressly authorizes the courts to craft protection orders that are tailored to the particular circumstances, it follows that the trial court has discretion in establishing the scope of a protection order, and that judgment ought not be disturbed absent an abuse of discretion." Id.
 {¶ 7} When, as in the present case, the issue is whether a protection order should have been issued at all, "the resolution of that question depends on whether the petitioner has shown by a preponderance of the evidence that the petitioner or the petitioner's family or household member was entitled to relief." Id. quoting Abuhamda-Sliman v. Sliman, 161 Ohio App.3d 541,544-545, 2005-Ohio-2836, ¶ 9; see, also, Felton v. Felton,79 Ohio St.3d 34, 1997-Ohio-302, at paragraph two of the syllabus. Appellate review consists of reviewing the record to determine whether "sufficient, credible evidence was presented at the hearing on the petition to prove by a preponderance of the evidence that appellant engaged in any act of domestic violence."Ferris at ¶ 27; Felton. This standard applies because R.C.3113.31(D)(3) provides that the court should "proceed as in a normal civil action" in determining whether to grant a civil protection order. Felton at 42, citing Walden v. State
(1989), 47 Ohio St.3d 47, 53.
 {¶ 8} Under this "highly deferential standard of review," an appellate court does not decide whether it would have come to the same conclusion as the trial court. Ross v. Ross, Ross App. Nos. 05CA2829, 05CA2830, 2006-Ohio-5274, ¶ 21. Rather, the reviewing court is required to uphold the judgment so long as the record, as a whole, contains some evidence from which the trier of fact could have reached its ultimate factual conclusions. Id. The appellate court is to be guided by a presumption that the trial court's factual findings are correct since the trial judge "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Birkhimerv. Dean, Pike App. No. 03CA720, 2004-Ohio-2996, citing SeasonsCoal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79.
 {¶ 9} The crux of appellant's argument is that appellee failed to present any evidence of physical harm or threat of physical harm to support her petition for the civil protection order. Appellant argues that the trial court's assertion that "mental distress" is sufficient injury to warrant issuing a civil protection order under the domestic violence statute is "an inaccurate statement of the law." Appellant's assertion is without merit.
 {¶ 10} To grant a civil protection order, "the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." Felton,
1997-Ohio-302, paragraph two of the syllabus; R.C. 3113.31(D).
 {¶ 11} R.C. 3113.31(A)(1) defines "domestic violence" as "the occurrence of one or more of the following acts against a family or household member: * * * (b) Placing another person by the threat of force in fear of imminent serious physical harm orcommitting a violation of section 2903.211 or 2911.211 of the Revised Code." (Emphasis added.)
 {¶ 12} R.C. 2903.211(A) provides that "[n]o person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." (Emphasis added.) This statute defines mental distress as "any mental illness or condition that involves some temporary substantial incapacity or mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services," whether or not treatment was requested or received. R.C. 2903.211(C)(2). See, also, Lindsay v. Jackson
(Sept. 8, 2000), Hamilton App. Nos. C-990786, A-9905306, unreported, at 4-5.
 {¶ 13} At trial, appellee testified appellant was "rude," "mean," and "hurtful" toward her, and testified regarding several instances of such conduct. Appellee testified that she was consequently afraid of appellant, and afraid to remain in her home. She testified that her mental health suffered as a result, and that she sought treatment from her doctor for her "nerves" because of appellant's actions toward her. Appellee called several witnesses who confirmed the degree of distress appellee suffered as a result of appellant's conduct. Appellant testified that she never threatened appellee with physical harm, and that she did not observe that appellee suffered any mental distress as a result of her conduct.
 {¶ 14} Contrary to appellant's assertion, appellee's failure to present evidence of physical harm or threat of physical harm in support of her petition is not dispositive of the matter. Reviewing the record as a whole, there is evidence supporting the trial court's conclusion that appellant engaged in a pattern of conduct which caused appellee mental distress. The assignment of error is overruled.
 {¶ 15} Judgment affirmed.
Young and Bressler, JJ., concur.