OPINION
{¶ 1} Respondent-appellant, Johnnetta Sprinkle, appeals the decision of the Warren County Court of Common Pleas, Domestic Relations Division, granting the petition of petitioner-appellee, Nicky McGuire, for a domestic violence civil protection order.
 {¶ 2} On January 20, 2006, appellee filed a petition for a domestic violence civil *Page 2 
protection order. The petition alleged that he was seeking protection from appellant, his former wife. Appellee further alleged that appellant telephoned him and told him that she was going to kill him and kidnap the parties' daughter. The trial court granted an ex parte civil protection order and scheduled a full hearing on the matter. On March 13, 2006, a full hearing was held before a magistrate. At the hearing, testimony was presented that the parties are involved in litigation against each other in Warren County, Franklin Municipal Court, and Butler County Juvenile Court and that they have had numerous and bitter disputes over custody issues regarding their daughter. Appellee testified that during one of these disputes, appellant became verbally abusive, said she was going to kill him and that this "would be his last Christmas" and threatened to kidnap their daughter. He indicated that he is afraid of appellant because "she is crazy" and has been found unfit in a prior custody case and ordered to attend counseling/intense treatment, but she refused. Appellant denied making the threats.
 {¶ 3} The magistrate issued an order granting the petition for a full civil protection order on March 15, 2006. At appellant's request, the magistrate issued an amended decision on March 22, 2006, which included findings of fact and conclusions of law and which again granted the petition for a protective order. Appellant filed objections to the magistrate's decision which were overruled by the trial court.
 {¶ 4} Appellant now appeals the trial court's decision to grant the domestic violence civil protection order and raises the following four assignments of error for our review:
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED IN LAW AND FACT IN FINDING THAT APPELLANT'S 2005 SUMMER PARENTING TIME TESTIMONY WAS NOT VERY RELEVANT TO WHETHER OR NOT THERE WAS A RECENT THREAT OF *Page 3 
DOMESTIC VIOLENCE."
 {¶ 7} Assignment of Error No. 2:
 {¶ 8} "THE TRIAL COURT ERRED IN LAW WHEN IT FOUND THAT APPELLANT THREATENED APPELLEE ON DECEMBER 21, 2005, AS THE BASIS OF R.C.3113.31(A)(1)(b) DECISION."
 {¶ 9} Assignment of Error No. 3:
 {¶ 10} "[THE] COURT ERRED IN LAW AND FACT WHEN IT FOUND THAT APPELLEE HAD A REASONABLE BASIS TO FEAR THE APPELLANT UNDER R.C. 3113.31(A)(1)(b)."
 {¶ 11} Assignment of Error No. 4:
 {¶ 12} "THE COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEE A CIVIL PROTECTION ORDER DUE TO THE FACT THAT THE RULING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS TO IMMINENT FEAR OF SERIOUS PHYSICAL HARM."
 {¶ 13} We begin with appellant's second, third and fourth assignments of error which present various challenges to the trial court's decision to grant the domestic violence civil protection order.
 {¶ 14} R.C. 3113.31 provides a mechanism for a party to obtain a domestic civil protection order in Ohio. To grant a civil protection order, "the trial court must find that petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence." Felton v.Felton, 79 Ohio St.3d 34, 1997-Ohio-302; R.C. 3113.31(D). "Domestic violence" is defined as "the occurrence of one or more of the following acts against a family or household member: * * * (b) Placing another person by the threat of force in fear of imminent serious physical harm." R.C. 3113.31(A)(1). *Page 4 
 {¶ 15} "Threats of violence constitute domestic violence for the purpose of R.C. 3113.31 if the fear resulting from those threats is reasonable." Lavery v. Lavery (Dec. 5, 2001), Summit App. No. 20616,2001 WL 1545663. "The reasonableness of the fear should be determined with reference to the history between the petitioner and the defendant."Gatt v. Gatt (Apr. 17, 2002), Medina App. No. 3217-M, 2002 WL 570389, citing Eichenberger v. Eichenberger (1992), 82 Ohio App.3d 809, 816.
 {¶ 16} A petitioner seeking a civil protection order must prove domestic violence or the threat of domestic violence by a preponderance of the evidence. Felton, 79 Ohio St.3d 34 at paragraph two of the syllabus. The decision whether to grant a civil protection order lies within the sound discretion of the trial court, Deacon v. Landers
(1990), 68 Ohio App.3d 26, and an appellate court should not reverse the judgment of the trial court absent an abuse of that discretion.Walton v. Walton, Wood App. No. WD-04-019, 2004-Ohio-7151, ¶ 13, citing,Parrish v. Parrish, 95 Ohio St.3d 1201, 2002-Ohio-1623 (Lundberg Stratton, J., dissenting). An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 17} This court has previously recognized that "[t]he standard of review for an appellate court depends on the nature of the challenge to the protection order." Ferris v. Ferris, Clermont App. No. CA2005-05-043, 2006-Ohio-878, ¶ 26, Because R.C. 3113.31 expressly authorizes courts to craft protection orders that are tailored to the particular circumstances, it follows that the trial court has discretion in establishing the scope of a protection order, and that judgment ought not be disturbed absent an abuse of discretion. Id.
 {¶ 18} When, as in the present case, the issue is whether a protection order should have been issued at all, "the resolution of that question depends on whether the *Page 5 
petitioner has shown by a preponderance of the evidence that the petitioner or the petitioner's family or household member was entitled to relief." Id., quoting Abuhamda-Sliman v. Sliman, 161 Ohio App.3d 541,544-545, 2005-Ohio-2836, ¶ 9; see, also, Felton, 79 Ohio St.3d at paragraph two of the syllabus. Appellate review consists of reviewing the record to determine whether "sufficient, credible evidence was presented at the hearing on the petition to prove by a preponderance of the evidence that appellant engaged in any act of domestic violence."Ferris at ¶ 27; Felton. This standard applies because R.C. 3113.31(D)(3) provides that the court should "proceed as in a normal civil action" in determining whether to grant a civil protection order. Felton at 42, citing Walden v. State (1989), 47 Ohio St.3d 47, 53.
 {¶ 19} Under this "highly deferential standard of review," an appellate court does not decide whether it would have come to the same conclusion as the trial court. Ross v. Ross, Ross App. Nos. 05CA2829, 05CA2830, 2006-Ohio-5274, ¶ 21. Rather, the reviewing court is required to uphold the judgment so long as the record, as a whole, contains some evidence from which the trier of fact could have reached its ultimate factual conclusions. Id. The appellate court must be guided by a presumption that the trial court's factual findings are correct since the trial judge "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Birkhimer v.Dean, Pike App. No. 03CA720, 2004-Ohio-2996, ¶ 11, citing Seasons CoalCo. v. Cleveland (1984), 10 Ohio St.3d 77, 79.
 {¶ 20} In appellant's second assignment of error, she argues that the trial court erred in finding that she threatened appellee on December 21, 2005. The basis of her argument is that the petition for the protection order alleged that the phone call occurred on January 7, 2006, but at the hearing, appellee testified that the threatening phone call *Page 6 
occurred on December 21, 2005 when appellant phoned appellee attempting to obtain Christmas parenting time with the parties' daughter.
 {¶ 21} As support, appellant cites cases which hold that a civil domestic violence order must be based on a fear of serious physical harm on the date in the petition, and not based on past acts of domestic violence. Bruner v. Bruner (Sept. 22, 2000), Mahoning App. No. 99 CA 285; Solomon v. Solomon, 157 Ohio App.3d 807, 2004-Ohio-2486. Appellant's argument focuses on the specific language in these opinions that states the act of domestic violence must have occurred "on the date in the petition."
 {¶ 22} However, although the cases include language which, taken in isolation, would support this proposition, the statements must be viewed in the context of the entire decision. Instead, the cases stand for the proposition that in order to grant a civil protection order, past acts alone are not enough and there must be some evidence of current domestic violence, as set forth in the statute. See Solomon; Bruner.
 {¶ 23} In this case, the petition alleged that appellant "called me and told me she was going to kill me and kidnap my daughter again." Written below the allegation is, "on Jan. 7 this [occurred]." Appellee was the first witness at the hearing and testified that "[o]n 12/21 at approximately 1400 hours Mrs. Sprinkle called me wantin' our daughter, Chloey, for Christmas." He then began to discuss how the last time appellant took their daughter, she did not bring her back and appellant was indicted in Warren County for that incident. The magistrate interrupted, and instructed appellee to "just tell me about the act of violence or threat of violence that gave rise to your request for a protective order." Appellee responded, "[s]he wanted our daughter for Christmas and I told her that I couldn't let her do that. So she became verbal . . . verbally abusive toward me . . . towards me and tell me [sic] she was going to kill me and tell me [sic] this would be my last Christmas with my daughter." *Page 7 
 {¶ 24} On cross-examination, appellee was specifically asked what day the threat occurred and he answered December 21, 2005. Appellant testified that she remembers the phone conversation on December 21, 2005 and trying to negotiate with appellee for two weeks during Christmas, but that she did not make any bodily threats to appellee during the conversation. Later in her direct testimony, appellant was asked about the date alleged in the petition, January 7, 2006. She testified that she was in Kentucky on that date, and although she spoke with her daughter, she did not have any conversations with appellee on that date.
 {¶ 25} Civ.R. 15 allows for the amendment of pleadings to conform to the evidence presented at trial and provides: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment. Failure to amend as provided herein does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence." Civ.R. 15(B).
 {¶ 26} While Civ.R. 15(B) states that amendment of the pleadings "may be made upon motion of any party at any time," this court has previously held that the rule does not prohibit a trial court from sua sponte amending pleadings. Stafford v. Aces Eights Harley-Davidson LLC, Warren App. No. CA05-06-070, 2006-Ohio-1780; Henry v. Coogan, *Page 8 
Clermont App. No. CA2002-05-042, 2002-Ohio-6519.
 {¶ 27} At the hearing, appellee testified that the threat that was the basis of his petition occurred on December 21, 2005. Appellant had an opportunity to testify regarding the conversation on that date and to present evidence in support of her position that she did not threaten appellee on that date. In its decision, the trial court specifically found that the threat occurred on December 21, 2005. We find no error in the trial court's determination on this issue as it was within the court's power to sua sponte amend the petition, and appellant was not prejudiced by the change in the date of the alleged threat. Accordingly, the trial court did not err in finding that appellant threatened appellee on December 21, 2005. Appellant's second assignment of error is overruled.
 {¶ 28} In her third assignment of error, appellant argues that the trial court erred in finding that appellee had a reasonable basis to fear her. In her fourth assignment of error, she argues that the manifest weight of the evidence does not establish that appellee was in fear of serious physical harm from appellant. As mentioned above, threats of violence constitute domestic violence for the purpose of granting a civil domestic violence protection order if the fear resulting from those threats is reasonable. Lavery v. Lavery (Dec. 5, 2001), Summit App. No. 20616. Where the alleged offending act is one that places the assumed victim in fear of serious physical harm, the fear and the reasonableness of that fear could and should be determined with reference to the history between the parties. Id. Eichenberger v.Eichenberger (1992), 82 Ohio App.3d 809, 816.
 {¶ 29} In this case, there was evidence of a volatile relationship between the parties. Appellee testified that appellant threatened to kill him and that he was afraid of her because "she was crazy." He elaborated on appellee's mental condition by *Page 9 
explaining that she was ordered to undergo counseling and treatment and refused to do so. He also testified that she "kidnapped" their daughter when she took her out of state and refused to return her, and that she was indicted for felony interference with child custody as a result. Appellant herself admitted that she had been in counseling for depression "years ago," that she had a felony indictment for interfering with child custody and also that she had been arrested for domestic violence with a previous husband.
 {¶ 30} Appellant argues on appeal that she had limited means to carry out the threat, and had attempted to accommodate appellee in custody issues. However, as mentioned above, issues of credibility are for the trier of fact. Moreover, as the statute is designed to prevent future violence, the court looks at the danger of future violence, not whether there have been past acts of violence between the parties. Gooderham v.Patterson, (Nov. 9, 1999), Gallia App. No. 99CA01. Actual prior physical harm is not necessary for a finding that the petitioner is in danger of domestic violence. Id. Given the facts presented and the history between the parties, we can not say it was against the manifest weight of the evidence for the court to find that appellee had a reasonable fear of imminent serious physical harm from appellant when she threatened to kill him.
 {¶ 31} Accordingly, appellant's third and fourth assignments of error are overruled
 {¶ 32} In appellant's first assignment of error, she contends that the trial court erred in statements made regarding a particular custody dispute between the parties in July 2005. Appellee testified that appellant took their daughter on a trip to Kentucky and refused to return her when she was supposed to. Appellant, in turn, testified that the time frame for the trip was not precisely determined and appellee was allowed to maintain contact with his daughter while she was with appellant. Appellant claims that appellee continually fails to give her extended periods of custody as she claims is *Page 10 
required by the shared parenting decree.
 {¶ 33} Appellant argues that the trial court erred when it found that "all testimony related to whether or not the Mother acted appropriately with respect to the summer parenting time is not very relevant to whether or not there was a recent threat of domestic violence." Appellant argues that this testimony was relevant to the allegation of domestic violence as it was necessary to put the alleged death threat into proper context. Appellant further contends that appellee has never followed the shared parenting decree and this evidence was necessary to determine appellee's state of mind in his interactions with appellant, but the trial court instead focused on appellant's state of mind.
 {¶ 34} A review of the transcript reveals that the trial court properly considered the evidence related to the parties' history and their state of mind in their interactions with each other. Whether or not appellant or appellee were following the custody order, or who was right and who was wrong in the custody dispute was irrelevant to the issue of whether appellant placed appellee in fear of imminent serious physical harm. The trial court allowed the parties extremely generous latitude in presenting the facts of the negative history between the two, and at several points had to remind the parties that they were there to determine whether a protection order should be granted, not to relitigate custody issues.
 {¶ 35} The trial court used the fact that the parties had a contentious, volatile relationship regarding custody issues with their daughter in making its determinations. We find no error in the trial court's determination that the past episodes were relevant to show the history of "bad blood" between the two, but were otherwise not relevant to the issues to be determined in granting the civil domestic violence protection order. Therefore, appellant's first assignment of error is overruled. *Page 11 
 {¶ 36} Judgment affirmed.
 YOUNG, P.J., and BRESSLER, J., concur. *Page 1