OPINION
{¶ 1} Defendant-appellant, Comfort Adedayo Adegoke-Oladele ("appellant"), appeals the divorce decree of the Franklin County Court of Common Pleas, Division of Domestic Relations.
 {¶ 2} Plaintiff-appellee, Rasheed Adetayo Oladele ("appellee"), filed a divorce complaint, and appellant filed a counterclaim. The case proceeded to trial on *Page 2 
January 10, 2008. On that date, the trial court issued a journal entry that continued the trial to February 14, 2008. On January 17, 2008, however, the trial court issued a divorce decree, which stated that (1) it continued proceedings from January 10, 2008 to January 14, 2008, and (2) appellant failed to appear at the January 14, 2008 hearing.
 {¶ 3} In her appeal, appellant raises 20 assignments of error. These assignments simply restate or paraphrase portions of the divorce decree concerning financial and child-related matters; they do not assign error. Nevertheless, in the interest of justice, we will attempt to address the legal issues contained within appellant's brief.
 {¶ 4} Appellant appears to challenge the trial court's proceedings on January 14, 2008. Although the trial court indicated in its divorce decree that it held these proceedings pursuant to a continuance from January 10, 2008, the trial court issued a continuance entry that set February 14, 2008, as the new trial date. A court speaks through its journal entries. State ex rel. Worcester v. Donnellon (1990),49 Ohio St.3d 117, 118. Thus, through its continuance entry, the trial court announced February 14, 2008, as the new trial date. By holding proceedings on January 14, 2008, the trial court violated appellant's due process rights. See Armstrong v. Manzo (1965), 380 U.S. 545, 550;State v. Mateo (1991), 57 Ohio St.3d 50, 52.
 {¶ 5} We clarify, however, that this due process violation implicates only those matters that the court should have heard on February 14, 2008, matters the January 17, 2008 entry suggests were outstanding "financial and child-related matters." On remand, the trial court need not re-hear the evidence presented at or before the January 10, 2008 proceedings. Rather, the trial court may set a new continuance date, on which *Page 3 
appellant will have an opportunity to be heard on these remaining matters, and then issue a new judgment entry-divorce decree.
 {¶ 6} We also clarify that we have considered only the question of due process as it relates to the notice of continuance. We have not considered, and intend no ruling upon, the substance of the court's January 17, 2008 judgment entry-divorce decree. Accordingly, we sustain only those assignments of error relating to the notice of continuance and overrule the remaining assignments of error as moot.
 {¶ 7} For these reasons, we reverse the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations. We remand this cause to that court for further proceedings consistent with this opinion and law.
Judgment reversed and cause remanded.
 BRYANT and KLATT, JJ., concur. *Page 1