[Cite as *State v. Robinson*, 2018-Ohio-1315.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170473 |
| | | TRIAL NO. C-17CRB-22321 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| ROBERT ROBINSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Appellant Discharged

Date of Judgment Entry on Appeal:  April 6, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Carrie Wood*, Assistant Public Defender, for Defendant-Appellant.

**DETERS, Judge.**

{¶1}   Following a plea of no contest, defendant-appellant Robert Robinson was convicted of one count of possessing drug-abuse instruments under R.C. 2925.12.  We reverse his conviction and discharge him from further prosecution.

{¶2}   In his sole assignment of error, Robinson contends that the trial court erred when it failed to enter a not-guilty finding following his no-contest plea.  He argues that the state's explanation of circumstances failed to establish all of the elements of a violation of R.C. 2925.12.  This assignment of error is well taken.

{¶3}   A plea of no contest to a misdemeanor offense "shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of circumstances of the offense."  R.C. 2937.07.  To find the defendant guilty, the explanation of circumstances must contain sufficient information to support all of the essential elements of the offense.  *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150, 459 N.E.2d 532 (1984); *State v. Valentine*, 1st Dist. Hamilton No. C-070388, 2008-Ohio-1842, ¶ 5.  When the explanation of circumstances fails to satisfy all of the elements of an offense, the defendant has a substantive right to be discharged by a finding of not guilty.  *Bowers* at 150; *Valentine* at ¶ 5.

{¶4}   Robinson pleaded no contest to a violation of R.C. 2925.12(A), which provides:

> No person shall knowingly make, obtain, possess, or use any instrument, article, or thing the customary or primary purpose of which is for the administration or use of a dangerous drug, other than marihuana, when the instrument involved is a hypodermic or syringe, whether or not of crude or extemporized manufacture or assembly,

and the instrument, article, or thing involved has been used by the offender to unlawfully administer or use a dangerous drug, other than marihuana, or to prepare a dangerous drug, other than marihuana, for unlawful administration or use.

{¶5} This statute applies only where the instrument involved is a hypodermic or syringe. *State v. Mateo*, 57 Ohio St.3d 50, 54, 565 N.E.2d 590 (1991); *State v. Diorio*, 7th Dist. Mahoning No. 05 MA 230, 2007-Ohio-3401, ¶ 44; *State v. Mason*, 8th Dist. Cuyahoga No. 60331, 1992 WL 110252, *4 (May 21, 1992). If a hypodermic or syringe is not involved, the proper charge is possessing criminal tools under R.C. 2923.24. *See Mateo* at 54; *Diorio* at ¶ 44; *Mason* at *4.

{¶6} In its explanation of circumstances, the state expressed that Robinson knowingly possessed "a silver pipe with Charboy and burn marks * * * which means that it is used to smoke crack cocaine." Since the state's explanation of circumstances did not show that Robinson possessed a hypodermic or syringe, it failed to establish all of the elements of possessing drug-abuse instruments under R.C. 2925.12.

{¶7} Consequently, the trial court erred in finding Robinson guilty of the offense. We sustain his assignment of error, reverse his conviction, and discharge him from further prosecution.

                    Judgment reversed and appellant discharged.


**CUNNINGHAM, P.J.,** and **MYERS, J.,** concur.


Please note:
    The court has recorded its own entry this date.


3