SROKA, Appellant,

v.

SROKA, Appellee.

[Cite as *Sroka v. Sroka* (1997), 121 Ohio App.3d 728.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71403.

Decided July 28, 1997.

*William M. Karnes,* for appellant.

*Fred P. Lenhardt,* for appellee.

PATRICIA ANN BLACKMON, Presiding Judge.

Rita Sroka, plaintiff-appellant, appeals a trial court's denial of her petition under R.C. 3113.31 for an order finding domestic violence by her ex-husband, Michael Sroka, and granting her a temporary protection order. Rita Sroka assigns the following four errors for our review:

"I. The trial court abused its discretion by failing to make a finding of domestic violence based upon the unrebutted testimony and evidence before it together with the admissions of violence by defendant-appellee.

"II. The trial court's judgment denying plaintiff's petition of domestic violence was against the manifest weight of the evidence.

"III. The trial court's refusal to comply with plaintiff-appellant's timely Civil Rule 52 request for findings of fact and conclusions of law constitutes prejudicial error.

"IV. The trial court's refusal to make a finding of domestic violence and issue a temporary protection order violates public policy."

Having reviewed the record and arguments of the parties, we reverse the trial court. The apposite facts follow.

The trial court without opinion or reasoning denied Rita Sroka's petition for protection from domestic violence after hearing testimony from both Rita Sroka and her ex-husband.

During his testimony, Michael Sroka admitted twice that he assaulted Rita Sroka. He identified his behavior as follows: "I popped." He then said, "I don't remember the details of the chair. I remember knocking her over. I remember being over her * * *." At the end of the testimony and after denying Rita Sroka's petition, the trial court said, "[T]ry to control yourself * * *." Michael Sroka responded, "Sir, believe me, I will * * *."

Rita Sroka testified that her ex-husband came into the house, dropped his gym bag, and came at her with both hands. He choked her and knocked her from her chair onto the floor. His body was on top of her as he choked her. Both of her daughters witnessed the assault. She testified that her head, neck, and arms were injured, and as a result she had difficulty moving.

Michael Sroka admitted that he did not release his choke hold on her until he started to think about God. Rita Sroka testified that he had been "continually violent" and had exhibited "abusive behavior" towards her for about a year since the divorce, which was in 1991. She also said that he idealized O.J. Simpson. After the Simpson murder, he would leave messages on her phone machine referring to O.J. Simpson as his "main man."

Finally, she testified that she was afraid of her ex-husband and needed protection from him.

In her first assignment of error, Rita Sroka argues that the trial court erred in denying the petition. She argues that the testimony presented at the hearing warranted a finding of domestic violence.

R.C. 3113.31(A) contains the following definition of "domestic violence":

"the occurrence of *one or more of the following acts* against a family or household member:

"(a) *Attempting to cause or recklessly causing bodily injury;*

"(b) Placing another person by the threat of force in fear of imminent serious physical harm or committing [menacing by stalking or aggravated trespass];

"(c) Committing any act with respect to a child that would result in the child being an abused child * * *." (Emphasis added.)

■ Under R.C. 3113.31(A)(3)(a)(i), a "family or household member" includes a former spouse. Rita Sroka testified that her ex-husband, Michael Sroka, choked her and pushed her to the floor, injuring her head and arm. Michael Sroka admitted to grabbing Rita Sroka by the neck and pushing her down to the floor. This evidence alone is sufficient to show an attempt by Michael Sroka to injure Rita Sroka. Michael Sroka argues that Rita Sroka was not injured. However, under the statute, an attempt to cause bodily injury can also constitute domestic violence. Accordingly, we conclude that the trial court incorrectly denied Rita Sroka's petition. Rita Sroka's first assignment of error is well taken.

■ In her second assignment of error, Rita Sroka argues that the trial court's denial of her petition was against the manifest weight of the evidence. We are mindful of our responsibility to give deference to the trial court's factual findings. See *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. However, our review of the record does not reveal any basis for denying the petition. Absent any competent, credible evidence in support of the trial court's decision, and in light of the evidence presented in support of the petition, we conclude that the trial court's decision was against the manifest weight of the evidence. See *First Fed. Sav. Bank v. WSB Investments* (1990), 67 Ohio App.3d 277, 586 N.E.2d 1159. Rita Sroka's second assignment of error is well taken.

Having concluded that Rita Sroka's first and second errors are well taken, we conclude that the remaining errors are moot.

We reverse the trial court's decision to deny the petition.

The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

KARPINSKI and ABOOD, JJ., concur.

CHARLES D. ABOOD, J., retired, of the Sixth Appellate District, sitting by assignment.