ABUHAMDA–SLIMAN, Appellee,

v.

SLIMAN, Appellant.

[Cite as *Abuhamda–Sliman v. Sliman,* 161 Ohio App.3d 541, 2005-Ohio-2836.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 85174.

Decided June 9, 2005.

Pomerantz & Crosby and Fred C. Crosby, for appellee.

Bruner & Jordan and Harvey B. Bruner, for appellant.

---

CHRISTINE T. McMONAGLE, Judge.

{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs, and the oral arguments of counsel.

{¶ 2} Ahmad Sliman, defendant-appellant and father-in-law of appellee, appeals from the Domestic Relations Court's judgment granting Umaima I. Abuhamda–Sliman, plaintiff-appellee and daughter-in-law of appellant, a domestic-violence civil protection order. For the reasons that follow, we affirm.

{¶ 3} On March 24, 2004, appellee petitioned for a domestic-violence civil protection order. An ex parte hearing was held that same day, at the conclusion of which the trial court granted appellee's petition. A full hearing was conducted by a magistrate on May 5, 2004, following which it was ordered that the protection order remain in full force and effect until May 4, 2009. Appellant filed an objection to the magistrate's decision and the trial court overruled appellant's objection. Appellant now appeals to this court and, in his sole assignment of error, contends that the trial court abused its discretion in granting appellee's request for the protection order. We disagree.

{¶ 4} The record before us shows that appellee, her husband, and their 18–month–old son had been living with appellant for approximately two and a half years prior to the incident that prompted her to seek a protection order. Specifically, on February 14, 2004, appellee and her husband, appellant's son, had an argument that led to her husband requesting that she leave the residence. Appellee's husband was not at home at the time he made the request and, according to appellant, requested that appellant oversee appellee's departure.

{¶ 5} To assist her in gathering and moving her belongings, appellee's two brothers came to the residence. Appellee and one of her brothers testified at the full hearing on this matter that while appellee, her son, and the two brothers were upstairs in appellee's bedroom packing her belongings, appellant came into the bedroom, threatened to shoot them, and then immediately thereafter proceeded to his bedroom. Appellee testified that she knew that appellant owned a gun, that she believed he kept the gun in his bedroom, and that appellant's threat caused her to fear for her own life and that of her child. Appellee further testified that appellant had displayed violent behavior toward her child in the past, including physically pushing him, throwing objects around in his presence, and speaking violently in his presence. Appellee and her brother testified that as a result of appellant's threat, they immediately fled the scene with the child.

{¶ 6} At the full hearing on this matter, appellant admitted that he does own a gun, but he testified that he keeps it at his gas station rather than at home. Appellant further denied making any threats to appellee, her son, or her brothers. In fact, appellant testified that he felt threatened after an exchange with one of appellee's brothers, and shortly after that exchange, he called the police. According to appellant, the exchange occurred shortly after the arrival of appellee's brothers, which was sometime between 8:30 p.m. and 9:00 p.m. The police report that was admitted into evidence at the full hearing showed that appellant called the police at 9:55 p.m., and they arrived at appellant's residence at 10:07 p.m. Protection orders issued under R.C. 3113.31 are an "appropriate and efficacious method to prevent future domestic violence * * *." *Felton v. Felton* (1997), 79 Ohio St.3d 34, 41, 679 N.E.2d 672. Because the domestic-violence statutes assign to the courts the responsibility for issuing protection orders, "the courts have an obligation to carry out the legislative goals to protect the victims of domestic violence." Id. at 44–45, 679 N.E.2d 672. The *Felton* court observed:

{¶ 7} "The General Assembly enacted the domestic violence statutes specifically to criminalize those activities commonly known as domestic violence and to authorize a court to issue protection orders designed to ensure the safety and protection of a complainant in a domestic violence case. Accordingly, R.C. 3113.31 authorizes a court in an ex parte hearing to issue a temporary protection order when the court finds there to be an 'immediate and present danger of domestic violence to the family or household member.' R.C. 3113.31(D). Subsequent to this, the court proceeds as in a normal civil action and grants a full hearing. R.C. 3113.31(D). After such hearing, the court may issue a protection order that may direct the respondent to refrain from abusing the family or household members, grant possession of the household to the petitioner to the exclusion of the respondent, temporarily allocate parental rights and responsibili-

ties and visitation rights, require the respondent to maintain support, require all parties to seek counseling, require the respondent to refrain from entering the residence, school, business, or place of employment of the petitioner, and grant any other relief that the court considers equitable and fair. R.C. 3113.31(E)(1)." (Citations and footnote omitted.) Id. at 37–38, 679 N.E.2d 672.

{¶ 8} When granting a protection order, the trial court must find that the petitioner has shown by a preponderance of the evidence that the petitioner or the petitioner's family or household members are in danger of domestic violence. *Felton,* supra, paragraph two of the syllabus. Because the standard for reviewing such orders has not been authoritatively articulated, there has been some noted inconsistency among the appellate courts. See *O'Hara v. Dials* (Feb. 2, 1996), Erie App. No. E–95–044, 1996 WL 38810; *Snyder v. Snyder* (Aug. 15, 1995), Ross App. No. 94 CA 2068, 1995 WL 493998 (Stephenson, J., concurring). Some courts have reviewed these orders only for abuse of discretion. See, e.g., *Strong v. Bauman* (May 21, 1999), Montgomery App. Nos. 17256, 17414, 1999 WL 317432; *Woolum v. Woolum* (1999), 131 Ohio App.3d 818, 723 N.E.2d 1135; *Moman v. Smith* (Oct. 14, 1996), Clermont App. No. CA96–05–047, 1996 WL 586771; *O'Hara v. Dials,* supra; *Beach v. Beach* (Oct. 27, 1992), Franklin App. No. 92AP–321, 1992 WL 328642; *Deacon v. Landers* (1990), 68 Ohio App.3d 26, 587 N.E.2d 395; *Thomas v. Thomas* (1988), 44 Ohio App.3d 6, 540 N.E.2d 745.

{¶ 9} Other courts have considered whether the judgment was supported by competent credible evidence going to all the essential elements. See, e.g., *Still v. Still* (Apr. 23, 1999), Montgomery App. No. 17416, 1999 WL 236049; *Kiedrowicz v. Kiedrowicz* (Apr. 9, 1999), Huron App. No. H–98–049, 1999 WL 197793; *Conkle v. Wolfe* (1998), 131 Ohio App.3d 375, 722 N.E.2d 586; *Sroka v. Sroka* (1997), 121 Ohio App.3d 728, 700 N.E.2d 916; *Snyder v. Snyder,* supra; *Eichenberger v. Eichenberger* (1992), 82 Ohio App.3d 809, 613 N.E.2d 678. Still other courts have applied some combination of the two. See, e.g., *Trent v. Trent* (May 10, 1999), Preble App. No. CA98–09–014, 1999 WL 298073; *Sitton v. Sitton* (Feb. 5, 1999), Montgomery App. No. 17262, 1999 WL 55717; *Siouffi v. Siouffi* (Dec. 18, 1998), Montgomery App. No. 17113, 1998 WL 879255; *Tischler v. Vahcic* (Nov. 16, 1995), Cuyahoga App. No. 68053, 1995 WL 680928; *West v. West* (Dec. 7, 1994), Montgomery App. No. 14600, 1994 WL 680156; *Stanzak v. Stanzak* (Sept. 10, 1990), Butler App. No. CA89–09–124, 1990 WL 129456. We think that our standard of review must depend on the nature of the challenge to the protection order. Because R.C. 3113.31 expressly authorizes the courts to craft protection orders that are tailored to the particular circumstances, it follows that the trial court has discretion in establishing the scope of a protection order, and that judgment ought not be disturbed absent an abuse of discretion. When the issue is whether a protection order should have issued at all, however, the resolution of

that question depends on whether the petitioner has shown by a preponderance of the evidence that the petitioner or the petitioner's family or household member was entitled to relief. *Felton,* 79 Ohio St.3d 34, 679 N.E.2d 672, paragraph two of the syllabus.

{¶ 10} The *Felton* court held that there was "sufficient, credible evidence to prove by a preponderance of the evidence that appellee had engaged in acts of domestic violence," 79 Ohio St.3d at 44, 679 N.E.2d 672, without expressing any view as to whether the lower court abused its discretion. It is reasonable to infer from *Felton* that when a respondent contends that it was error to issue a protection order, the question on review is whether there was sufficient credible evidence to support a finding that the respondent had engaged in acts or threats of domestic violence. See id. at 43–44, 679 N.E.2d 672; *Sroka v. Sroka,* supra, 121 Ohio App.3d at 730, 700 N.E.2d 916. Resolving that issue here requires us to decide whether there was sufficient credible evidence to support the finding that appellant had engaged in acts or threats of domestic violence. R.C. 3113.31(A)(1) defines "domestic violence" as "the occurrence of one or more of the following acts against a family or household member: * * * (b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 or 2911.211 of the Revised Code."

{¶ 11} The trial court's judgment entry specified the following grounds upon which it determined that appellant had engaged in acts or threats of domestic violence: (1) appellant threatened to shoot appellee, her son, and her brothers, (2) appellant owns a gun, (3) appellee knew that appellant owned a gun, and (4) upon being threatened by appellant, appellee was in fear of imminent serious physical harm, and the fear was reasonable.

{¶ 12} Our own review of the record causes us to conclude that there was sufficient credible evidence upon which the trial court could reasonably find that appellant's conduct toward appellee constituted "domestic violence" within the meaning of R.C. 3113.31(A)(1)(b).

{¶ 13} We note that the magistrate found appellee's testimony to be the most credible. Because the trial court is in the best position to view the witnesses and observe their demeanor when weighing the credibility of their testimony, we give deference to its findings. *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 79–80, 10 OBR 408, 461 N.E.2d 1273. Thus, we find that appellee's testimony regarding appellant's threat, his history of violence directed toward her son, and appellee's rapid departure with her son from appellant's home after the threat was made constituted substantial competent and credible evidence that appellant had by threat of force placed appellee in fear of imminent serious physical harm.

{¶ 14} Accordingly, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

KARPINSKI, P.J., and ROCCO, J., concur.