JOURNAL ENTRY AND OPINION
{¶ 1} Respondent Randal J. Markowitz appeals from a civil protection order issued by the domestic relations court for the protection of his former wife, petitioner Tracy Rhinehart Markowitz. He asserts that there was insufficient credible evidence that he threatened petitioner with domestic violence, and that the order was overly broad. We affirm the domestic relations court's judgment, but stay portions of the order and remand for reconsideration of them.
 Facts and Procedural History {¶ 2} On April 25, 2005, petitioner filed her petition for a domestic violence civil protection order against respondent, her ex-husband, requesting protection for both herself and the parties' minor children. The court issued an ex parte protection order, naming petitioner and the children as protected persons and prohibiting respondent from (1) abusing them; (2) entering their residence, school, business or place of employment; (3) initiating or having any contact with the protected persons or their residences, schools, businesses, or places of employment; (4) removing, damaging, hiding or disposing of their property or pets; (5) possessing or using any deadly weapon; and (6) consuming, using or possessing alcoholic beverages or illegal drugs. Respondent was ordered to stay away from the protected persons and "shall not be present within 500 feet" of them or of any place they were likely to be. Furthermore, respondent was ordered to have no contact with the children. However, respondent was allowed to continue his visitation with the children, provided that he remain in his vehicle and be accompanied by another adult when picking up the children, and that petitioner remain in her house.
 {¶ 3} The matter was then referred to a magistrate, who conducted a full hearing on the petition. The events giving rise to the petition occurred primarily on two occasions in April 2005.
 {¶ 4} On April 14, respondent arrived at the children's school to pick them up for his scheduled visitation. Because of a miscommunication, petitioner was also there to pick up the children. Respondent approached petitioner and began complaining about various issues as he followed her into the school. He continued to voice his complaints in the parking lot and in the presence of their children. He followed petitioner to her car and continued his "tirade" even though she had closed her car door and window. As petitioner drove away, respondent punched the rear quarter panel of her car. When she returned home, petitioner noticed the damage he had done to her car, contacted the police, and notified respondent that she would get an estimate for repairs.
 {¶ 5} On April 23, respondent was scheduled to visit with the children. When he arrived at petitioner's house, she handed him the car repair estimate. He threw it at her. He saw that the children were not appropriately dressed for the dinner party they were to attend and he became enraged. He yelled obscenities at petitioner and ordered the children to change their clothes. Respondent remained in the doorway, yelling at petitioner, and although petitioner asked him to leave, he refused. When petitioner attempted to close the door, respondent pushed the door open, continuing to yell at her. During the "door shoving match," petitioner was struck by the door, but was not injured. She testified that respondent had her back against the wall, and was standing "probably three inches away" from her — so close that she "could smell his toothpaste" — and was "yelling at [her] loudly and with a great deal of intensity and profanity." She testified that she was "terrified" and feared that respondent was "really going to hit me this time." She further testified that she was concerned for the safety and welfare of the children.
 {¶ 6} Petitioner called the police. When they arrived, she was in the house and respondent was sitting in his car. Officer Matthew McGinnis testified that he spoke with petitioner, and she appeared upset. However, she declined to file charges and told him that she just wanted respondent to take the children and leave. McGinnis testified that he had no concerns after observing petitioner's physical condition. The children left with respondent.
 {¶ 7} The magistrate concluded that, although petitioner's testimony was credible, she failed to prove by a preponderance of the evidence that respondent committed an act of domestic violence as defined in R.C. 3113.31. Thus, the magistrate recommended that her petition be denied.
 {¶ 8} Petitioner objected to the magistrate's decision. The trial court sustained her objections in part and modified the magistrate's decision, finding that petitioner had satisfied her burden of proving that respondent committed an act of domestic violence against her, but that these incidents were not directed at the children. The court therefore granted the petition for a protection order for petitioner, but denied the petition for a protection order for the children.
 Law and Analysis {¶ 9} In his first assignment of error, respondent argues that the trial court erred by issuing the protection order because there was insufficient credible evidence to support a finding that he had engaged in acts or threats of domestic violence.
 {¶ 10} In reviewing the sufficiency of the evidence to support the issuance of a civil protection order, the supreme court has directed that we consider whether there was "sufficient, credible evidence to prove by a preponderance of the evidence that appellee had engaged in acts of domestic violence."Felton v. Felton (1997), 79 Ohio St.3d 34, 44. The trial court here found that respondent committed domestic violence as defined by R.C. 3113.31(A)(1)(b). This statute defines domestic violence as "one or more of the following acts against a family or household member: * * * (b) placing another person by threat of force in fear of imminent serious physical harm * * *."
 {¶ 11} Respondent argues that there was no evidence that he made any threat of force. There was no verbal threat of injury, and, he claims, the act of pushing back on the door was not a threat of force. He also urges that there was no evidence that petitioner was in reasonable fear of imminent serious physical harm.
 {¶ 12} Petitioner's testimony indicates that respondent backed her up against a wall and, standing just inches away, close enough that she could "smell his toothpaste," he yelled and screamed obscenities at her. While the threat of violence may not have been expressed in so many words, the trial court could reasonably have found that the threat of force was implied by respondent's physical and verbal intimidation of petitioner.
 {¶ 13} The magistrate had concluded that petitioner's testimony was credible, and petitioner expressed actual fear. The court found her fear to be reasonable, based on respondent's physically violent response when she drove away from him in the school parking lot just nine days earlier. Respondent's recent resort to extreme physical violence — punching the car with sufficient force to dent it — to vent to his anger or frustration with petitioner was ample evidence that petitioner had reasonable grounds to fear that serious physical harm was imminent in this similarly escalating situation. Therefore, the trial court did not err by imposing the civil protection order. We overrule the first assignment of error.
 {¶ 14} In his second assignment of error, respondent argues that the protection order was overly broad and therefore an abuse of the trial court's discretion. As respondent recognizes, the court had discretion in establishing the terms of the protection order. "Because R.C. 3113.31 expressly authorizes the courts to craft protection orders that are tailored to the particular circumstances, it follows that the trial court has discretion in establishing the scope of a protection order and that judgment ought not be disturbed absent an abuse of discretion."Abuhamda-Sliman v. Sliman, 161 Ohio App.3d 541, 544,2005-Ohio-2836, ¶ 9.
 {¶ 15} Respondent is particularly concerned that the court's order restricts him from attending school functions and extra-curricular activities at which the petitioner may also be present. We agree the court's orders are inconsistent and may limit respondent's ability to attend events involving his children, as he is permitted and encouraged to do under the shared parenting plan. The court's November 4 judgment entry states that "the shared parenting plan shall continue in full force and effect." The protection order issued that same day, however, requires respondent to stay away from the "* * *, school, * * * of the protected person [i.e., petitioner] orother family or household member except for pick-up and delivery of children for visitation. (Emphasis added.)" This effectively prohibits respondent from attending school functions which the shared parenting order encourages him to attend.
 {¶ 16} We emphasize that we do not now conclude that it is an abuse of discretion for the court to limit respondent's attendance at school functions, particularly those at which petitioner will be present. We conclude only that it is inconsistent to state that the shared parenting plan continues in full force and effect and to require respondent to stay away from the school.
 {¶ 17} We perceive even more far-ranging difficulties with the order than this, however. As noted above, the court's orders are internally inconsistent. For example, although the court's final judgment entry of November 4, 2005 indicates that the court is granting the protection order as to petitioner only, and not her children, the protection order it actually issued restrains respondent from various actions toward petitioner and her children or "family or household members." In addition, the judgment entry indicates that respondent may e-mail petitioner about the children no more frequently than every other day, and may telephone the children "on alternating days for up to ten minutes per child per telephone call," but it does not clearly incorporate these important exceptions into the protection order.
 {¶ 18} The confusion is compounded by the fact that the court's final order incorporates the protection order issued April 29, 2005 "as modified by the attached full hearing protection order." The "full hearing protection order" lists petitioner as the only protected person, although specific provisions limit respondent's activities with respect to petitioner's children and family and household members. The April 29 order lists petitioner and the parties' children as protected persons. Reading the April 29 and November 4 protection orders together, it is not clear whether the children are still considered "protected persons" even though the court specifically declined to find that respondent engaged in domestic violence toward them.
 {¶ 19} The issuance of a protection order was supported by a preponderance of the evidence. However, the terms of the November 4 protection order issued by the court are sufficiently unclear as to be unenforceable as written. Accordingly, we vacate the November 4 protection order and remand this matter to the trial court for reconsideration of the terms of the protection order.
 {¶ 20} Pending further action by the trial court, the terms of the April 29 protection order will remain in effect, except as amended by the judgment entry of November 4, 2005. For this purpose, the November 4 judgment entry shall be construed to (1) remove the parties' children from the class of "protected parties" under the April 29 protection order, (2) eliminate the provisions of paragraph 12 of the April 29 protection order that respondent have no contact with the children; (3) establish the procedure for exchanging the children for visitation; and (4) establish an exception to the provision restricting respondent from any contact with petitioner, so that he may contact petitioner by e-mail and may contact the children by telephone as permitted by the November 4 judgment entry. Although this issue is not raised by respondent here, the trial court may wish to consider, on remand, whether its restrictions on the possession of weapons and on the consumption of alcohol are warranted by the evidence. Cf. Sistek v. Gredence, Lake App. No. 2005-L-212,2006-Ohio-4169, ¶¶ 36-41.
Affirmed in part, vacated in part and remanded for further consideration.
It is ordered that each party shall bear his or her own costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., concurs Cooney, P.J. Dissents in part; concurs in part (See separate opinion attached)