JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Jerry Abriani ("appellant"), appeals the decision of the trial court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} Appellant and plaintiff-appellee, Danute Abriani ("appellee"), were married on July 26, 1991 in Timberlake, Ohio. They have two children, born in 1991 and 1992.
 {¶ 3} On or about April 5, 2006, appellee filed a petition for a domestic violence civil protection order in the Cuyahoga County Common Pleas Court, Domestic Relations Division, and an ex parte temporary protection order was granted on April 5, 2006. Appellant was served with a copy of said temporary protection order on April 6, 2006. The full domestic violence hearing was set for April 11, 2006. Appellant, appellee, and their respective counsel all appeared at this hearing, and appellant then requested and was granted a continuance of the hearing until April 26, 2006.
 {¶ 4} At 12:40 p.m. on April 26, 2006, appellant's counsel filed a motion to withdraw as counsel and request for continuance and presented a courtesy copy to court personnel and appellee prior to leaving the courthouse. The hearing went forward at approximately 2:30 p.m. on that day. The magistrate issued a decision on *Page 4 
May 2, 2006, granting appellee's petition for a domestic violence civil protection order.
 {¶ 5} On May 18, 2006, appellant filed preliminary objections to the magistrate's decision of May 2, 2006, a motion to set aside the domestic violence civil protection order, and a motion for extension of time to submit supplemental objections to the magistrate's decision after preparation and receipt of transcript. The trial court granted the appellant an extension of time to file supplemental objections to the magistrate's decision. On June 15, 2006, appellant filed his supplemental objections to the magistrate's decision and a motion to set aside the domestic violence civil protection order.
 {¶ 6} On July 17, 2006, the trial court issued a judgment entry overruling the appellant's objections to the magistrate's decision of May 2, 2006 and adopting the magistrate's decision and the domestic violence civil protection order. On July 18, 2006, the trial court issued a judgment entry denying the appellant's motion to set aside the domestic violence civil protection order. The appellant filed this notice of appeal in regard to the trial court's July 17 and July 18, 2006 judgment entries.
 II {¶ 7} First assignment of error: "The trial court erred and abused its discretion by proceeding with the hearing on April 26, 2006." *Page 5 
 {¶ 8} Second assignment of error: "The trial court erred and abused its discretion by proceeding with a full hearing without the respondent's presence in violation of the respondent's due process rights."
 {¶ 9} Third assignment of error: "The trial court erred and abused its discretion by failing to continue the hearing on April 26, 2006 to allow the respondent to obtain counsel."
 {¶ 10} Fourth assignment of error: "The trial court erred and abused its discretion by failing to set aside the domestic violence civil protection order issued by the magistrate."
 {¶ 11} Fifth assignment of error: "The trial court erred by adopting the magistrate's decision without entering its own judgment on the issues."
 {¶ 12} Sixth assignment of error: "The trial court erred and abused its discretion by improperly admitting hearsay evidence and permitting petitioner's counsel to utilize extremely leading questions on direct examination."
 III {¶ 13} Appellant asserts six assignments of error. However, because of the substantial interrelation between appellant's first four assignments of error, we shall address them together first.
 {¶ 14} The General Assembly enacted the domestic violence statutes specifically to criminalize those activities commonly known as domestic violence and *Page 6 
to authorize a court to issue protection orders designed to ensure the safety and protection of a complainant in a domestic violence case. Accordingly, R.C. 3113.31 authorizes a court in an ex parte hearing to issue a temporary protection order when the court finds there to be an "immediate and present danger of domestic violence to the family or household member." R.C. 3113.31(D). Subsequent to this, the court proceeds as in a normal civil action and grants a full hearing. R.C.3113.31(D). After such hearing, the court may issue a protection order that may direct the respondent to refrain from abusing the family or household members, grant possession of the household to the petitioner to the exclusion of the respondent, temporarily allocate parental rights and responsibilities and visitation rights, require the respondent to maintain support, require all parties to seek counseling, require the respondent to refrain from entering the residence, school, business, or place of employment of the petitioner, and grant any other relief that the court considers equitable and fair. R.C. 3113.31(E)(1).
 {¶ 15} Appellant alleges an abuse of discretion on the part of the lower court in his six assignments of error. Accordingly, this court will first discuss the standard of review and then provide its analysis.
 {¶ 16} When granting a protection order, the trial court must find that the petitioner has shown by a preponderance of the evidence that the petitioner or the petitioner's family or household members are in danger of domestic violence. Felton *Page 7 v. Felton, 79 Ohio St.3d 34, 41, 1997-Ohio-302, 679 N.E.2d 672, paragraph two of the syllabus. Because the standard for reviewing such orders has not been authoritatively articulated, there has been some noted inconsistencies among the appellate courts.[1] Some courts have reviewed these orders only for abuse of discretion.[2]
 {¶ 17} Other courts have considered whether the judgment was supported by competent credible evidence going to all the essential elements.[3]
Still other courts have applied some combination of the two.[4] We think our standard of review must depend on the nature of the challenge to the protection order. The Felton court held that there was "sufficient, credible evidence to prove by a preponderance of the evidence that appellee had engaged in acts of domestic violence," *Page 8 79 Ohio St.3d at 44, without expressing any view as to whether the lower court abused its discretion. It is reasonable to infer from Felton that when a respondent contends that it was error to issue a protection order, the question on review is whether there was sufficient credible evidence to support a finding that the respondent had engaged in acts or threats of domestic violence. Id. at 43-44; Sroka v. Sroka, 121 Ohio App.3d at 730.
 {¶ 18} An appellate court's standard of review with respect to protection orders issued under R.C. 3113.31 must depend on the nature of the challenge to the protection order. Because R.C. 3113.31 expressly authorizes the courts to craft protection orders that are tailored to the particular circumstances, it follows that the trial court has discretion in establishing the scope of a protection order and that judgment ought not be disturbed absent an abuse of discretion. When the issue is whether a protection order should have been issued at all, however, the resolution of that question depends on whether the petitioner has shown by a preponderance of the evidence that the petitioner or the petitioner's family or household member was entitled to relief. Abuhamda-Sliman v. Sliman, 161 Ohio App.3d 541,2005-Ohio-2836.
 {¶ 19} However, in the case at bar, our analysis does not need to go as far as addressing the actual merits of the civil protection order. The main issues in this *Page 9 
case involve the timeliness of the motion for continuance and appellant's interactions with the lower court.
 {¶ 20} Loc.R. 4(A) of the Court of Common Pleas of Cuyahoga County, Division of Domestic Relations, provides:
 "(A) Nonappearance. If a party seeking relief fails to appear on the scheduled trial or hearing date, either in person or by counsel, the court may enter an order dismissing the action for want of prosecution. If the other party fails to appear, either in person or by counsel, and the party seeking relief does appear, the court may allow the case to proceed and hear and determine all matters."
(Emphasis added.)
 {¶ 21} As previously mentioned, this case was originally set for a hearing on April 11, 2006. Appellee's civil protection order petition was filed on April 5, 2006, and an ex parte temporary protection order was granted that same day. Appellant was personally served by the sheriff's department with the summons, a copy of the petition, the preliminary civil protection order and notice of the April 11, 2006 full hearing on appellee's request for the civil protection order.[5]
Appellee and her counsel arrived ready to proceed at the April 11, 2006 hearing. However, appellant's counsel and appellant, who were also present before the magistrate at that time, requested that the April 11 hearing be continued.[6] Accordingly, the *Page 10 
original hearing date of April 11, 2006 was then continued and reset for April 26, 2006.
 {¶ 22} At approximately 12:15 p.m. on April 26, 2006, appellant's counsel informed appellee that he was going to file a motion to continue the hearing. At that time, appellee's counsel informed appellant's counsel that she would object to any continuance. At 12:40 p.m., appellant filed a motion for continuance. The basis for the continuance request was that appellant's counsel could not communicate with appellant.
 {¶ 23} Appellant's counsel delivered appellee's attorney a copy of the motion to continue. The magistrate waited until 2:38 p.m. on April 26, 2006, before starting.
 {¶ 24} In this case, appellant failed to appear on the date and time chosen by him for the civil protection order trial. The transcript of the April 26, 2006 afternoon proceedings provides the following:
 "It was originally set for hearing on April 11th . At that time, both parties appeared and were with counsel. Petitioner with her counsel, Elizabeth Goodwin, and respondent with his counsel, Timothy Haffey.
 "By agreement of the parties in the respondent's request, the matter was continued to today at 1:30 and scheduled for trial.
 "At 1:30 today, on my desk was left by hand a courtesy copy of a motion to withdraw as counsel and request for continuance. This has the clerk's file stamp of today's date at 12:40 p.m., and it says this, `Now comes Timothy P. Haffey asking for permission to withdraw as *Page 11 
counsel for defendant. I have been unable to communicate with my client. Further, defendant requests for a continuance to secure new counsel.'
 "* * * This motion, well, now it is 2:36. Mr. Haffey is not here. Mr. Abriani is not here. This motion has not been granted, and attorney Edward Joseph did appear a little after 1:30 and inquired as to the status of this matter, and petitioner had not been informed that there was already counsel on the case, and that there had been a motion to withdraw and a motion for continuance, neither of which had been granted.
 "I understand from the court personnel that Mr. Haffey was here shortly before the 1:30 scheduled time, left the motion to withdraw and the continuance, and left the premises.
 "Mr. Abriani is not here. Present before the court are the petitioner with her counsel, Elizabeth Goodwin and Kevin Esper. Respondent is not here. It is now 2:38. Also, Mr. Joseph was informed that we would go forward with this matter."
 {¶ 25} R.C. 3113.31(D)(2) provides that the court "may" grant a continuance for the reasons stated in the statute.[7] It does not require the granting of a motion to continue a civil protection order hearing when counsel files an untimely motion to withdraw immediately prior to a hearing. *Page 12 
 {¶ 26} In this case, the magistrate was not required to grant appellant another continuance, especially since appellant requested the last continuance which was granted. The motion involved in the second continuance was filed just 50 minutes prior to the scheduled hearing. Moreover, appellee's attorney informed appellant's counsel that she would object to any such continuance and did, in fact, object to this continuance.
 {¶ 27} Appellant had ample notice as to the petition and hearing date and received one prior continuance of the hearing. Moreover, the magistrate did not exclude any evidence appellant wanted to present.
 {¶ 28} We find that the lower court did not err by proceeding with the hearing. Moreover, we find that the lower court did not err in adopting the civil protection order issued by the magistrate. We find no abuse of discretion on the part of the lower court. Accordingly, appellant's first, second, third, and fourth assignments of error are overruled.
 {¶ 29} Appellant argues in his fifth assignment of error that the lower court erred in adopting the magistrate's decision without entering its own judgment on the issues. Appellant also argues in his sixth assignment of error that the lower court erred by improperly admitting hearsay evidence and permitting petitioner's counsel to utilize leading questions on direct examination. *Page 13 
 {¶ 30} Appellant cites Inman v. Inman (1995), 101 Ohio App.3d 115, 117, to support his position. However, in Inman the lower court stated:
 "[w]e have previously held that the trial court's judgment entry need not address specific objections and that nothing in Civ.R. 53 prohibits the court from adopting the referee's findings in their entirety. Galley v. Galley (May 18, 1994), Miami App. Nos. 93-CA-31 and 93-CA-32, unreported, 1994 WL 191431; Patton, supra. See, also, Natl. Mtge. Co. v. Brown (May 11, 1993), Franklin App. No. 92AP-847, unreported, 1993 WL 169083 (`Civ.R. 53 does not require a court to include its independent analysis in its judgment order adopting the referee's report and recommendation').
 "In most cases, where the trial court's entry has adopted the referee's report, we have presumed that the court conducted the proper independent analysis. See Birt v. Birt (Dec. 21, 1994), Miami App. No. 94-CA-32, unreported, 1994 WL 718310; Patton, supra."
 {¶ 31} Accordingly, the party asserting error bears the burden of affirmatively demonstrating the trial court's failure to perform its Civ.R. 53(E) duty of independent analysis. Id. at 119.
 {¶ 32} In Inman, unlike the case at bar, the court emphasized that the lower court adopted the referee's report and recommendations within 25 hours after appellee filed his responses to the objections, even thought the referee's report and recommendations were 20 pages, the objections were 28 pages, their response to objections was 16 pages, and the transcript of the proceedings was 180 pages. Id. Thus, the court concluded it was all but impossible for the trial court to conduct an independent analysis of so many documents in such a short period of time. *Page 14 
 {¶ 33} In the case at bar, appellee's response to appellant's supplemental objections was filed on June 26, 2006, and the court issued judgment entries on July 17 and July 18, 2006. Accordingly, the lower court clearly took the time to conduct an independent analysis. Moreover, there were fewer documents to review in this case compared with Inman since the transcript of this proceeding consisted of only 18 pages.
 {¶ 34} We find that the evidence demonstrates that the lower court took the necessary time to conduct an independent analysis. Moreover, appellant failed to offer any evidence that the lower court did not conduct an independent analysis. Appellant simply states that the court erred when it denied his request for continuance, permitted hearsay evidence, and asked leading questions. However, appellant failed to offer any persuasive evidence to support his assertions.
 {¶ 35} Appellant argues in his sixth assignment of error that the lower court erred in admitting hearsay evidence and permitting petitioner's counsel to utilize extremely leading questions on direct examination. Again, we do not find merit in appellant's argument.
 {¶ 36} It is well established that pursuant to Evid.R. 104, the introduction of evidence at trial falls within the sound discretion of the trial court. State v. Heinish (1990), 50 Ohio St.3d 231; State v.Sibert (1994), 98 Ohio App.3d 412. These assignments of error basically involve the trial court's decisions to limit or exclude *Page 15 
evidence. The standard for such is well defined in Ohio. "The admission or exclusion of evidence rests within the sound discretion of the trial court." State v. Jacks (1989), 63 Ohio App.3d 200, 207. Therefore, "an appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." State v. Finnerty (1989), 45 Ohio St.3d 104, 107. A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. A reviewing court should not substitute its judgment for that of the trial court. See, generally, State v.Jenkins (1984), 15 Ohio St.3d 164. Finnerty, supra, at 107-108.
 {¶ 37} An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. As the Ohio Supreme Court has noted:
 "An abuse of discretion involves far more than a difference in * * * opinion. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment, but the defiance thereof, not the exercise of reason but rather of passion or bias."
Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87, quotingState v. Jenkins (1984), 15 Ohio St.3d 164, 222. *Page 16 
 {¶ 38} In the case at bar, appellant testified that she filed the civil protection order petition because three weeks prior to the hearing, appellant grabbed her by the neck and upper body so hard that she had to bite appellant to free herself.[8] Appellee testified that their son heard the incident and was upset.[9] Appellee also testified that during the Christmas holidays she was grabbed by appellant in front of her son and was forced to have sex with appellant.[10] As a result, evidence sufficient to grant the petition in favor of appellee and the children was presented at the hearing.
 {¶ 39} Appellant argues that the testimony regarding phone calls received from a man whose wife was having an affair with appellant was improperly admitted. However, the phone calls were only background information explaining what led up to the event that caused appellee to file her petition and were, therefore, proper. A complete review of the entire transcript demonstrates that when the questions at issue are reviewed in their full context rather than as isolated statements, they are proper.
 {¶ 40} Accordingly, appellant's fifth and sixth assignments of error are overruled.
 Judgment affirmed. *Page 17 
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to the domestic relations court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P. J., CONCURS; COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY
[1] See O'Hara v. Dials (Feb. 2, 1996), Erie App. No. E-95-044;Snyder v. Snyder (Aug. 15, 1995), Ross App. No. 94 CA 2068 (Stephenson, J., concurring).
[2] See, e.g., Strong v. Bauman (May 21, 1999), Montgomery App. Nos. 17256, 17414; Woolum v. Woolum (1999), 131 Ohio App.3d 818,723 N.E.2d 1135; Moman v. Smith (Oct. 14, 1996), Clermont App. No. CA96-05-047;Beach v. Beach (Oct. 27, 1992), Franklin App. No. 92AP-321; Deacon v.Landers (1990), 68 Ohio App.3d 26, 587 N.E.2d 395; Thomas v. Thomas
(1988), 44 Ohio App.3d 6, 540 N.E.2d 745.
[3] See, e.g., Still v. Still (Apr. 23, 1999), Montgomery App. No. 17416; Kiedrowicz v. Kiedrowicz (Apr. 9, 1999), Huron App. No. H-98-049;Conkle v. Wolfe (1998), 131 Ohio App.3d 375, 722 N.E.2d 586; Sroka v.Sroka (1997), 121 Ohio App.3d 728, 700 N.E.2d 916; Eichenberger v.Eichenberger (1992), 82 Ohio App.3d 809, 613 N.E.2d 678.
[4] See, e.g., Trent v. Trent (May 10, 1999), Preble App. No. CA98-09-014; Sitton v. Sitton (Feb. 5, 1999), Montgomery App. No. 17262;Siouffi v. Siouffi (Dec. 18, 1998), Montgomery App. No. 17113;Tischler v. Vahcic (Nov. 16, 1995), Cuyahoga App. No. 68053; West v.West (Dec. 7, 1994), Montgomery App. No. 14600; Stanzak v. Stanzak
(Sept. 10, 1990), Butler App. No. CA89-09-124.
[5] See appellee's brief, Ex. A and B, p. 1.
[6] See the magistrate's decision, at p. 2, which provides the following, "At the request of respondent the matter was reset for trial on April 26th at 1:30 p.m." (Emphasis added.)
[7] R.C. 3113.31(D)(2) (a) "The court shall hold the full hearing on the date scheduled under this division unless the court grants a continuance of the hearing in accordance with this division. Under any of the following circumstances or for any of the following reasons, the court may grant a continuance of the full hearing to a reasonable time determined by the court: (i) Prior to the date scheduled for the full hearing under this division, the respondent has not been served with the petition filed pursuant to this section and notice of the full hearing. (ii) The parties consent to the continuance. (iii) The continuance is needed to allow a party to obtain counsel. (iv) The continuance is needed for other good cause." (Emphasis added.)
[8] See Ex. D, p. 14.
[9] See Ex. D, p. 14.
[10] See Ex. D, pp. 14, 15. *Page 1