[Cite as *Pinkney v. McCafferty*, 2011-Ohio-6258.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95905

---

## PAMELA M. PINKNEY

PLAINTIFF-APPELLANT

vs.

## JAMES MCCAFFERTY

DEFENDANT-APPELLEE

---

JUDGMENT:
AFFIRMED

---

Civil Appeal from the

Cuyahoga County Court of Common Pleas
Case No. CV-737381


**BEFORE:**   Kilbane, A.J., Sweeney, J., and Cooney, J.


**RELEASED AND JOURNALIZED:**   December 8, 2011


**APPELLANT**

Pamela M. Pinkney, Pro se
P.O. Box 5672
Cleveland, Ohio 44101


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Sara E. DeCaro
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1} This accelerated appeal is brought pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶ 2} Plaintiff-appellant, Pamela M. Pinkney (Pinkney), appeals the trial court's judgment denying her petition for civil stalking or sexually oriented offense protection order (CPO) against defendant-appellee and former Cuyahoga County Administrator James McCafferty (McCafferty).[1] Finding no merit to the appeal, we affirm the decision of the trial court.

{¶ 3} On September 22, 2010, Pinkney filed a petition for CPO. The next day, on September 23, 2010, the trial court held an ex parte hearing on Pinkney's petition. The trial court denied the petition and dismissed the case, finding that the "circumstances do not meet the requirements to issue a protection order."

{¶ 4} It is from this order that Pinkney appeals, raising the following assignments of error for review.

---

[1]Prior to being the County Administrator, McCafferty was the director of the Department of Children and Family Services.

"You all have me in line as a target for more detriment to not only my life but your own and others while he laughs and mocks this very process. This matter is found to be in error in many ways beginning first of all with the fact that this is taking as long as it is for me to seek the results that would display the idea that the people in positions of power respect my life and time. The fact that in each instance that I have come to this court and gone to the lower courts on behalf of my children and me only to be told that the law does not accommodate us is an error within itself.

I have followed and still am following procedure after procedure. The technical errors would be those of the fact that I have gone before the proper authorities previously to get Civil Protection Orders and they have * * * been rejected. This court and the others have not trusted me to tell the truth. This court and others are costing and have cost us all time and money which also caused me to have to flee to another state with four of my children to try to be safe.

Another technical error would be the fact that the courts in this county and state have me at risk right now caught up in technicalities and formalities instead of taking what I have said to be the truth."

{¶ 5} Pinkney argues that the trial court erred when it denied her petition for CPO, and that such error has placed her life and the lives of four of her children at risk. At the ex parte hearing, Pinkney stated that McCafferty "has sabotaged — [and] defamated my character. [McCafferty] sabotaged my reputation, and every efforts that I make to restore the custody of my children, restore my life, to try to, he is in a position that he is in to assist me in doing what I need to do for myself, he refuses to cooperate with me but he says negative things about me to people that are in the positions to do what I need to get done."

{¶ 6} However, as this court stated in a prior appeal by Pinkney, "[i]n putting forth her assigned errors, [Pinkney] fails to cite to any legal authority for her claims, a failure that

allows this court to disregard her arguments. 'If an argument exists that can support this assigned error, it is not this court's duty to root it out.'" (Citations omitted.) *Pinkney v. Salett*, Cuyahoga App. No. 96130, 2011-Ohio-4121, ¶3.

{¶ 7} Notwithstanding the foregoing, we find that the trial court did not err in denying Pinkney's CPO petition. See *Pinkney* at ¶4. "When the issue is whether a protection order should have issued at all, * * * the resolution of that question depends on whether the petitioner has shown by a preponderance of the evidence that the petitioner or the petitioner's family or household member was entitled to relief. [*Felton v. Felton*], 79 Ohio St.3d 34, [1997-Ohio-302], 679 N.E.2d 672, paragraph two of the syllabus." *Abuhamda-Sliman v. Sliman*, 161 Ohio App.3d 541, 2005-Ohio-2836, 831 N.E.2d 453, ¶9.

{¶ 8} Pinkney sought a protection order under R.C. 2903.214, which provides in pertinent part: "A person may seek relief under this section for the person, or any parent or adult household member may seek relief under this section on behalf of any other family or household member, by filing a petition with the court. The petition shall contain or state * * * an allegation that the respondent is eighteen years of age or older and engaged in a violation of [R.C.] 2903.211 against the person to be protected by the protection order or committed a sexually oriented offense against the person to be protected by the protection order, including a description of the nature and extent of the violation[.]" Id. at (C)(1). R.C. 2903.211(A)(1) provides that "[n]o person by engaging in a pattern of conduct shall

knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."

{¶ 9}   In the instant case, Pinkney failed to demonstrate that McCafferty engaged in a pattern of conduct that caused her to believe that he would cause physical or mental harm to Pinkney.   A review of the record reveals that the last time Pinkney had contact with McCafferty was in 2002.   Pinkney's allegations against McCafferty involve his professional capacity as the Director of the Department of Children and Family Services and County Administrator.   She attributed her difficulties regarding the loss of custody of her children and her inability to obtain employment with Cuyahoga County to McCafferty.

{¶ 10} The trial court stated that "there are certain requirements that have to be met [with respect to the protection order], and I don't believe those requirements based upon your personal standing here this morning would allow this court to put a civil stalking protection order in place, and so I am going to deny the request * * * because it does not meet the Ohio law with respect to [R.C.] 2903.214."   As this court stated in *Abuhamda-Sliman*, "[b]ecause the trial court is in the best position to view the witnesses and observe their demeanor when weighing the credibility of their testimony, we give deference to its findings."   Id. at ¶13, citing *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273.  Thus based on the foregoing, we do not find that the trial court erred when it denied Pinkney's CPO petition.

**{¶ 11}** Accordingly, Pinkney's assignments of error are overruled.

Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

JAMES J. SWEENEY, J., and
COLLEEN CONWAY COONEY, J., CONCUR