DECISION
{¶ 1} Plaintiff-appellant, Michael L. Moore (hereinafter "appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying his petition for a civil protection order. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} Appellant and defendant-appellee, Richard D. Bentley (hereinafter "appellee"), were involved in a relationship, during which time they lived together for four months. During this time, appellant claims appellee threatened him with a knife, grabbed him by the chin, and pushed him. The threats allegedly continued for approximately two months. Appellee denies threatening appellant in any manner.
 {¶ 3} On July 25, 2003, appellant filed for, and was granted, the ex-parte civil protection order (hereinafter "CPO"). The ex-parte CPO ordered appellee to vacate the premises shared with appellant. Moreover, a full hearing was ordered for August 1, 2003. The full hearing was continued to September 5, 2003. At the full hearing, appellant's CPO was denied.
 {¶ 4} Appellant raises the following assignment of error:
The trial court's oral findings and conclusions denying a civil protection order after the granting of an ex-parte civil protection order, on the basis that the petitioner was not in imminent fear while disregarding the actual incidents of domestic violence of the respondent is contrary to O.R.C. §3113.31(A)(1)(a) and against the manifest weight of the evidence.
 {¶ 5} To obtain a CPO, a petitioner must demonstrate fear of imminent serious physical harm caused by threat of force. R.C.3113.31(A)(1)(b).[1] The Supreme Court of Ohio holds "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St. 2d 279.
 {¶ 6} Weight of the evidence involves:
[T]he inclination of the greater amount of credible evidence,
offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find thegreater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing Black's Law Dictionary (6 Ed. 1990), 1594. (Emphasis sic.) As such, the issue is whether "there is substantial evidence upon which a jury could reasonably conclude that all the elements have been proved beyond a reasonable doubt." State v. Nields (2001),93 Ohio St.3d 6, 25. (Citations omitted.) (Emphasis sic.)
 {¶ 7} Upon review, we conclude there was substantial evidence upon which the trial court could reasonably conclude appellant failed to demonstrate fear of imminent serious physical harm caused by threat of force. Although appellant filed a police report stating appellee pushed him, appellant continually brought appellee lunch, up to the day before filing this matter, attended a public gathering together, and bought him flowers the day prior to the filing of this action. This behavior undermines a finding that appellant was in fear of imminent serious physical harm.
 {¶ 8} Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is hereby affirmed.
Judgment affirmed.
Bowman and Brown, JJ., concur.
[1] While appellant relies upon R.C. 3113.31(A)(1)(a) in his assignment of error, the correct subsection pertaining to "fear of imminent serious physical harm" is (b).