DECISION
{¶ 1} Steven Poth is appealing the granting of a Civil Protection Order ("CPO") against him. He assigns a single error for our consideration:
 The Trial Court Abused Its Discretion In Issuing A Civil Protection Order Against Appellant As Appellee Failed To Establish By A Preponderance Of Credible Evidence That She Was In Fear Of Imminent, Serious Physical Harm.
 {¶ 2} On March 21, 2007, Shana Poth filed a petition seeking a CPO. A temporary CPO was granted immediately and a full evidentiary hearing was conducted *Page 2 
one week later. At the conclusion of the evidentiary hearing, a CPO to last for one year was issued against Steven Poth.
 {¶ 3} The trial court made detailed written findings of fact following the evidentiary hearing. These findings are:
 1. The parties were married on July 20, 1991 and have two minor children.
 2. The Petitioner filed for divorce on January 8, 2007. That matter is pending in Case No. 07DR-01-0080. The parties are waiting for temporary orders as it relates to parenting time with their children and other support matters.
 3. The Petitioner filed her Petition for Civil Protective Order on March 20, 2007.
 4. The parties resided together at 1052 Gary Drive, Columbus, OH 43207 until the issuance of the Ex-Parte Civil Protective Order on March 20, 2007.
 5. The parties have had a tumultuous relationship throughout their marriage.
 6. Prior to the birth of their children both parties admit to drinking alcohol to excess.
 7. After the birth of their daughter, both parties testified that they have limited their alcohol intake.
 8. Petitioner testified credibly that Respondent's drinking has increased since Thanksgiving.
 9. The Petitioner testified credibly that the Respondent had physically assaulted her prior to the birth of their children but admitted that Respondent has not physically hit her since that time.
 10. Both parties admit that their relationship has become more acrimonious since the Petitioner told the Respondent that she wanted a divorce and filed for divorce.
 11. The Petitioner testified credibly that Respondent's anger towards her has escalated during the course of their divorce action.
 12. The Petitioner has filed a Motion to Vacate the Respondent from the residence, which was scheduled to be heard before the Magistrate on March 16, 2007 but was not heard on that day.
 13. The Petitioner operates her business, a daycare center, from the residence. *Page 3 
 14. The parties are the joint owners of a electrical business which employs the Respondent and that is operated from the residence with tools and equipment kept in the garage.
 15. The Respondent admitted to two incidents, which credibly gave Petitioner a reason to feel that she was in threat of domestic violence.
 16. The Respondent testified that the Petitioner gave him her email password when he called her up and asked for it. He then testified that he searched her email and the computer and found that she had sent photographs of herself to their son's coach. He testified that he was angry and called his wife and told her "Not to come home or she is going to get yours." In another incident, Respondent testified that he came home and the parties entered into an argument and a staring match. During this argument he told Petitioner "Don't push me." Although Respondent testified that he did not mean to insinuate that he would physically harm his wife the Court specifically finds that respondent is not credible when he testified that his wife gave him her password. Further, the Court specifically finds given the history of their relationship and the escalation of anger and arguments since the filing of the parties' divorce action that these statements were meant and did give Petitioner a credible threat of domestic violence.
 17. After receiving the threat on the phone Petitioner drove by the house, picked up the children and spent the night in a hotel room.
 18. Further, Respondent admitted to driving within 500 yards of the residence after receiving the Ex-parte Civil Protection Order on at least two occasions.
 19. Respondent physically damaged the car Petitioner drives after an argument.
 20. Petitioner is in fear of imminent threat of domestic violence and their immediate separation is necessary to protect the Petitioner from domestic violence.
 {¶ 4} These findings are based in part upon statements Steven Poth made to his wife such as "[k]eep pushing me and I will end it. I will end it all. Keep pushing me," (Tr. 12. and "come home, bitch, and get what you deserve." (Tr. 16.) The statements were made in the context of a marriage for which a divorce was pending and a marriage where alcohol consumption by the husband had become an increasing problem. Shana testified *Page 4 
Steven had a history of getting violent when he drank. The "keep pushing me" statement was followed by Steven Poth physically blocking Shana Poth from leaving a bedroom of the house they then shared.
 {¶ 5} After these incidents, Shana Poth filed a motion in her divorce case requesting that Steven Poth be removed from the marital residence. The motion was set for a hearing before a magistrate but it was postponed. Steven was described by Shana as coming home later that day in a cocky mood, which Shana attributed to Steven knowing that the domestic court would not remove him from the marital residence. The couple then got in a disagreement over a couch in the living room. Shana claims that Steven said she was going to "get it" and lunged at her with a hateful look. Following this incident, she filed her petition seeking a CPO.
 {¶ 6} In a civil case, an appellate court is bound to affirm a judgment of the trial court which is supported by competent, credible evidence. See CE. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578.
 {¶ 7} When reviewing whether a trial court properly granted a CPO, an appellate court must determine whether sufficient, credible evidence supports a finding that the respondent had engaged in acts or threats of domestic violence. Abuhamda-Sliman v. Sliman, 161 Ohio App.3d 541,2005-Ohio-2836, at ¶ 8-10 (recognizing inconsistency among appellate courts regarding the appropriate standard of review). See, also,Moore v. Bentley, Franklin App. No. 03AP-1003, 2004-Ohio-5060, at ¶ 5;Maccabee v. Maccabee (June 29, 1999), Franklin App. No. 98AP-1213. Judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence. CE. Morris Co., at syllabus. Further, *Page 5 
"[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court." Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 81. If the evidence is susceptible to more than one interpretation, an appellate court must construe it consistently with the trial court's judgment. Central Motors Corp. v.Pepper Pike (1995), 73 Ohio St.3d 581, 584.
 {¶ 8} In order for a trial court to grant a CPO, it must find that the petitioner has proven by a preponderance of the evidence that she and her family or household members are in danger of domestic violence. R.C.3113.31(D); Felton v. Felton (1997), 79 Ohio St.3d 34, paragraph two of the syllabus. "Domestic violence" is defined as:
 [T]he occurrence of one or more of the following acts against a family or household member:
 * * *
 (b) Placing another person by the threat of force in fear of imminent serious physical harm or committing a violation of section 2903.211 * * * of the Revised Code.
 {¶ 9} The trial court clearly had sufficient evidence to support Shana Poth's allegations that she was in fear of imminent domestic violence and that immediate separation of the parties was necessary to protect Shana Poth from domestic violence.
 {¶ 10} The assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations is affirmed.
Judgment affirmed.
 SADLER, P.J., and KLATT, J., concur. *Page 1